2010 WY 88

**Richard Gordon BLOOMER,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–09–0112.**

Supreme Court of Wyoming.

June 28, 2010.

Representing Appellant: Diane Lozano, State Public Defender; Tina Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel; Wyoming Public Defender Program. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Graham M. Smith, Assistant Attorney General. Argument by Mr. Smith.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   A jury found Appellant Richard Gordon Bloomer guilty of aggravated robbery and aggravated assault and battery, and also found him to be a habitual criminal. Because Bloomer had three prior felony convictions, the district court imposed two life sentences. Bloomer appeals his convictions, asserting claims of instructional error and ineffective assistance of counsel. He also challenges the legality of his life sentences. We affirm Bloomer's convictions, but reverse his sentences. We remand this case to the district court for resentencing.

## ISSUES

[¶ 2]   Bloomer submits these issues for our consideration:

I.   Did the [district] court's failure to give any jury instruction on the presumption of innocence constitute plain error?

II.   Did the State prove three prior felony convictions in support of the habitual criminal allegation?

III.   Under the circumstances of this case, can subsequent non-violent felonies be charged and tried before known earlier violent felony allegations in order to create habitual criminal liability?

IV.   Is it ineffective assistance of counsel to allow the [district] court to fail to instruct on the presumption of innocence and the right not to testify?

## FACTS

[¶ 3]   A little after 12:00 a.m. on August 24, 2002, two Burger King employees were robbed by a masked gunman as they approached the Pinnacle Bank in Cody to deposit the previous day's receipts. During the robbery, the gunman brandished a black pistol and threatened the employees. After taking the money, the robber ordered the employees to the ground and told them he would blow their heads off if they moved. The employees stayed on the ground for a few minutes before fleeing the scene and reporting the robbery. The victims were unable to identify the robber, and no suspects were identified by law enforcement at the time.

[¶ 4]   Approximately two years later, law enforcement received information implicating Bloomer in the robbery. On July 27, 2004, Eric Kin Choy, an inmate at the Adult Community Corrections Center in Casper, Wyoming, reported to Detective Juliet Wardwell of the Cody Police Department that Bloomer had committed the robbery along with Ian Parsons. Detective Wardwell subsequently interviewed Parsons who admitted to driving the getaway car in the robbery and confirmed Bloomer's identity as the masked gunman.

[¶ 5]   At the time the robbery information was developed, Bloomer was facing two felony drug charges in Park County. He absconded to Montana, where he was arrested, convicted and ultimately sentenced in September 2005 to seven years in prison for felony forgery. While incarcerated in Montana, Bloomer petitioned to be returned to Wyoming to stand trial on the pending drug charges.

[¶ 6]   Before his trial commenced on the drug charges, the State filed a Felony Information charging Bloomer with one count of aggravated robbery and one count of aggravated assault and battery for his part in the instant robbery. The State later amended the Information to include a habitual criminal sentence enhancement provision. The enhancement was based on Bloomer's Montana

forgery conviction and his convictions on the two Park County felony drug offenses.

[¶ 7] Bloomer's trial in this case commenced on January 13, 2009, and resulted in guilty verdicts on both charged offenses. During the habitual criminal phase of the trial, the State presented evidence concerning the Montana and Park County convictions. That evidence established that Bloomer had been convicted of felony forgery in Montana in May 2005 and of two felony counts of possession with intent to deliver a controlled substance in Park County, Wyoming, in January 2008. The jury adjudged Bloomer to be a habitual criminal with three prior felony convictions. Based on his habitual criminal status, the district court sentenced Bloomer to two consecutive life sentences. This appeal followed.

## DISCUSSION

### Presumption of Innocence Instruction

[¶ 8] Bloomer contends the district court committed reversible error when it failed to instruct the jury on the presumption of innocence. Bloomer never requested an instruction on the presumption of innocence, nor did he object to the district court's failure to give one.

[¶ 9] Rule 30(a) of the Wyoming Rules of Criminal Procedure states in relevant part:

No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury is instructed, stating distinctly the matter to which the party objects and the grounds of the objection.

The purpose of this rule is to prevent unnecessary new trials caused by instructional errors that the trial court could easily have corrected if they had been brought to its attention at the proper time. *Ortega v. State*, 966 P.2d 961, 966 (Wyo.1998). In essence, the rule forecloses appellate review of the alleged instructional error in this case unless it rises to the level of plain error. *Id.; see also Causey v. State*, 2009 WY 111, ¶ 18, 215 P.3d 287, 293 (Wyo.2009); *Scheikofsky v. State*, 636 P.2d 1107, 1109 (Wyo.1981); W.R.Cr.P. 52(b); W.R.A.P. 9.05 ("[p]lain er-

rors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court"). Under the plain error rule, Bloomer must demonstrate, by reference to the record, the existence of a clear and unequivocal rule of law which was transgressed in a clear and obvious, not merely arguable, way and resulting prejudice to a substantial right. *Duke v. State*, 2004 WY 120, ¶ 91, 99 P.3d 928, 954 (Wyo.2004); *Hampton v. State*, 558 P.2d 504, 507 (Wyo.1977).

[¶ 10] In this case, no question exists that the district court failed to instruct the jury on the presumption of innocence. However, Bloomer has not demonstrated that the district court's failure constituted an obvious transgression of a clear and unequivocal rule of law. The cases cited by Bloomer do not establish a clear-cut rule of law, constitutional or otherwise, mandating that the jury be instructed on the presumption of innocence in every criminal trial. *See Kentucky v. Whorton*, 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979) (*per curiam*); *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), and *Slaughter v. State*, 630 P.2d 517 (Wyo.1981). To the contrary, the United States Supreme Court determined in *Whorton* that a criminal defendant is not automatically entitled to an instruction on the presumption of innocence, and that the failure to give one does not in and of itself violate the constitution. *Whorton*, 441 U.S. at 789, 99 S.Ct. at 2090. While we believe the better practice is to give the instruction as a matter of course, the issue before us is whether plain error occurred as a result of the district court's failure to do so. We cannot conclude from Bloomer's cited authorities that the district court's failure violated a clear rule of law and, consequently, we cannot conclude that plain error occurred in this instance.

### Habitual Criminal Sentencing Enhancement

[¶ 11] As previously noted, the jury determined Bloomer was a habitual criminal and, because he had been previously convicted of three felonies, the district court sentenced him to serve two consecutive life

sentences. Wyo. Stat. Ann. § 6–10–201 (LexisNexis 2009) requires enhancement of a sentence if the defendant is a habitual criminal:

(a) A person is an habitual criminal if:

(i) He is convicted of a violent felony; and

(ii) He has been convicted of a felony on two (2) or more previous charges separately brought and tried which arose out of separate occurrences in this state or elsewhere.

(b) An habitual criminal shall be punished by imprisonment for:

(i) Not less than ten (10) years nor more than fifty (50) years, if he has two (2) previous convictions;

(ii) Life, if he has three (3) or more previous convictions.

[¶ 12] In this appeal, Bloomer presents two arguments challenging the legality of his life sentences. Bloomer first contends the use of his Park County drug convictions was improper because those convictions were not "separately brought and tried" as required by § 6–10–201(a)(ii). He further claims that, because the criminal acts underlying the Park County convictions were committed after the commission of the instant aggravated robbery and aggravated assault and battery offenses, the drug convictions cannot be used as a basis for the habitual criminal sentencing enhancement. Whether Bloomer's sentences amount to an illegal sentence is a question of law, which we review *de novo*. *See Beyer v. State*, 2008 WY 137, ¶ 7, 196 P.3d 777, 780 (Wyo.2008); *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007).

[¶ 13] We need spend little time on Bloomer's first contention of error because the State concedes Bloomer's life sentences are illegal and must be corrected. The State correctly points out that the charges leading to the Park County drug convictions were not "separately brought and tried" as mandated by § 6–10–201(a)(ii). Accordingly, those convictions may only count as one previous conviction under the habitual criminal statute, thereby limiting the sentencing range on Bloomer's current convictions to that prescribed in § 6–10–201(b)(i).

[¶ 14] As to Bloomer's second contention of error, this Court has previously considered and rejected a similar claim. In *Green v. State*, 784 P.2d 1360, 1365 (Wyo. 1989), we held that the habitual criminal statute "does not require that a crime be previously committed, only that there be previous convictions." We determined that it was the sequence of convictions, and not the sequence of the criminal acts, that was relevant to the operation of the habitual criminal statute. *Id.* We recently endorsed this holding in *Smith v. State*, 2009 WY 2, ¶ 58, 199 P.3d 1052, 1069 (Wyo.2009).

[¶ 15] Bloomer recognizes the force of these holdings, but urges us to reconsider them. However, we are not persuaded by Bloomer's rather convoluted argument that our interpretation of § 6–10–201 is inconsistent with the statute's plain language and the intent of the Wyoming Legislature. The fact that the legislature has not acted to alter this interpretation over the intervening years since *Green* reinforces the correctness of our determination. *See Alpine Lumber Company, LLC, v. Capital West National Bank*, 2010 WY 62, ¶ 12, 231 P.3d 869, 872–73 (Wyo. 2010). We decline to usurp the doctrine of *stare decisis* by modifying or overruling *Green* and *Smith*, or limiting application of this authority in this case.[1]

[¶ 16] In sum, we reverse Bloomer's life sentences and remand to the district court for resentencing. Because the jury found, as a question of fact, that Bloomer's previous convictions existed, and because the record contains sufficient evidence of two prior "separately brought and tried" felony convictions that can be used as a basis for enhancing Bloomer's punishment on the instant convictions, we find it appropriate for the district court to simply resentence Bloomer in accor-

---

1. Bloomer urges us not to apply the holdings of *Green* and *Smith* in this case for the reason he was unjustly subjected to the habitual criminal sentence enhancement by the intentional actions of the prosecutor. Our review of the record, however, does not disclose any basis to support a conclusion the prosecutor intentionally delayed filing the instant charges for the purpose of compelling application of the habitual criminal statute, as Bloomer suggests.

dance with § 6–10–201(b)(i). *See Green,* 784 P.2d at 1365.

### Ineffective Assistance of Counsel

[¶ 17] Bloomer contends trial counsel rendered constitutionally ineffective assistance. Specifically, he faults counsel for not offering jury instructions on the presumption of innocence and on his right not to testify. He insists counsel's failure to advance these instructions "serves no explicable purpose" and undermines confidence in the fairness and reliability of his trial.

[¶ 18] Claims of ineffective assistance of counsel involve mixed questions of law and fact and, therefore, our review is *de novo. Proffit v. State,* 2008 WY 114, ¶ 33, 193 P.3d 228, 241 (Wyo.2008). To prevail on his claim, Bloomer must first establish that trial counsel's performance was deficient. This requires a showing that counsel failed to render such assistance as would have been offered by a reasonably competent attorney. *Dettloff v. State,* 2007 WY 29, ¶ 18, 152 P.3d 376, 382 (Wyo.2007) (citing *Hirsch v. State,* 2006 WY 66, ¶ 15, 135 P.3d 586, 593 (Wyo. 2006)). Bloomer next must demonstrate that counsel's deficient performance prejudiced his defense. Under the prejudice prong, Bloomer must show there is a reasonable probability that, absent counsel's deficient assistance, the outcome of his trial would have been different. *Dettloff,* ¶¶ 18–19, 152 P.3d at 382. The failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim. *Id.*

[¶ 19] We find it unnecessary to address the first prong of the ineffectiveness standard because Bloomer has not established he was prejudiced by counsel's alleged errors. *See Pendleton v. State,* 2008 WY 36, ¶ 21, 180 P.3d 212, 219 (Wyo.2008) (if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed). Bloomer's argument seems to be simply that the evidence against him was weak and counsel's failure to ensure the jury was properly instructed on these legal principles, because of the trial's outcome, was obviously prejudicial. He does not provide any insight, within the context of the facts of this case, how counsel's alleged deficiencies actually prejudiced him. Suffice it to say, Bloomer's argument is insufficient to satisfy his burden of demonstrating that trial counsel rendered prejudicially deficient assistance.

[¶ 20] Moreover, we are not convinced from our independent review of the entire record that counsel's alleged deficiencies adversely affected the outcome of Bloomer's trial. Although no formal instruction was given on the presumption of innocence and Bloomer's right not to testify, the jury was thoroughly and repeatedly advised about these legal principles, as well of the State's burden of proof, by the prosecutor and defense counsel from voir dire through closing arguments. The jury was also instructed by the district court that it must acquit Bloomer unless it determined from the trial evidence that all the elements of the charged crimes had been proven beyond a reasonable doubt. In addition, and contrary to Bloomer's contention, the evidence of his guilt on the charged crimes was substantial. This evidence included the testimony of Ian Parsons, who fingered Bloomer as the masked gunman and provided a detailed account of the events surrounding the robbery. It also included the testimony of Eric Kin Choy, who recounted in detail his conversations with Bloomer wherein Bloomer admitted to committing the robbery. Considering the facts of this case, we are unable to conclude a reasonable likelihood exists that, but for counsel's alleged errors, Bloomer would have enjoyed a more favorable verdict.

### CONCLUSION

[¶ 21] For the foregoing reasons, we affirm Bloomer's convictions. However, we hold that Bloomer's life sentences are illegal and reverse those sentences. We remand this case to the district court for resentencing in accordance with the provisions of Wyo. Stat. Ann. § 6–10–201(b)(i).