# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 55

### APRIL TERM, A.D. 2013

May 8, 2013

JORGE OMERO MENDOZA,

Appellant
(Defendant),

v.                                                          S-12-0165

STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
The Honorable Wade E. Waldrip, Judge

*Representing Appellant:*
Diane Lozano, State Public Defender, PDP; Tina N. Olson, Chief Appellate Counsel.

*Representing Appellee:*
Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Theodore R. Racines, Senior Assistant Attorney General; Jeffrey Pope, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KITE, Chief Justice.**

[¶1]    The district court denied Jorge Omero Mendoza's motion for a new trial after a jury found him guilty of aggravated assault and battery.[1]    The State advanced two theories that Mr. Mendoza committed aggravated assault – 1) he attempted to cause serious bodily injury to another with a deadly weapon; and 2) he threatened to use a drawn deadly weapon on another person.  The jury found him not guilty of the first alternative, but guilty of the second.  Mr. Mendoza claims the district court erred by failing to instruct the jury that he had no duty to retreat before "threatening to use a drawn deadly weapon," and he is, therefore, entitled to a new trial.

[¶2]    We conclude that the jury instructions did not violate a clear and unequivocal rule of law.  Consequently, we affirm.

## ISSUE

[¶3]    Mr. Mendoza presents the following issue on appeal:

> Did the trial court err in denying the motion for new trial, which was based upon the trial court's failure to give an explanatory jury instruction regarding whether appellant had a "duty to retreat" if charged with ag[g]ravated assault pursuant to Wyo. Stat. 6-2-502(a)(iii)?

The State presents substantially the same issue, although phrased differently.

## FACTS

[¶4]    On May 21, 2011, Mr. Mendoza and his girlfriend attended a party to celebrate another woman's graduation from nursing school.  They ended up at a bar called Mike's Big City Grill in Rawlins, Wyoming in the early morning hours of May 22, 2011.  The owner of the bar, Joseph Michael Lujan, noticed Mr. Mendoza because he had been "86'd"[2] from the bar.  Mr. Lujan followed Mr. Mendoza when he ran out the front door and saw him repeatedly striking his girlfriend while she laid on the ground.  Mr. Lujan pulled Mr. Mendoza off the woman and told him to leave the property.  Mr. Mendoza assumed a fighting stance and came at Mr. Lujan, who performed a "leg sweep" causing Mr. Mendoza to fall to the ground.  When he got back up, Mr. Mendoza had a knife in his hand.  He lunged and slashed at Mr. Lujan several times, at one point catching his shirt with the knife and tearing it.

---

[1] The jury also found Mr. Mendoza guilty of misdemeanor interference with a peace officer, but he does not challenge that conviction on appeal.

[2] This term is slang for "to dispose of" or "nix someone or something."  Dictionary of American Slang and Colloquial Expressions (4th Ed. 2007).

1

[¶5]    Mr. Mendoza's girlfriend began honking a truck horn, and, while Mr. Mendoza was momentarily distracted, Mr. Lujan tackled him.  Mr. Mendoza dropped the knife, and a witness put it in the trash can.  In the meantime, Mr. Lujan placed Mr. Mendoza in a chokehold and law enforcement arrived at the scene.  The officers pulled Mr. Lujan off Mr. Mendoza, but Mr. Mendoza continued to fight and was arrested.  The State charged Mr. Mendoza with one count of aggravated assault and battery upon Mr. Lujan, one count of misdemeanor battery upon his girlfriend and one count of misdemeanor interference with a peace officer.  The aggravated assault was charged under Wyo. Stat. Ann. § 6-2-502 (LexisNexis 2011) and included the alternatives identified in subsections (a)(ii) and (iii):

> (a) A person is guilty of aggravated assault and battery if he:
> . . . .
> (ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon; [or]
> (iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another[.]

[¶6]    A jury trial commenced on January 31, 2012, and Mr. Mendoza claimed he acted in self defense when he wielded the knife against Mr. Lujan.  During the jury instruction conference, there was a great deal of discussion about the self defense instructions and the duty to retreat.  Although Mr. Mendoza did not object to the district court's plan to give the pattern jury instruction on the duty to retreat, he requested the jury be specifically instructed that the duty only applied to the "attempted injury" alternative in § 6-2-502(a)(ii) and not to the "threatens with a drawn deadly weapon" alternative under subsection (iii) of that provision.   The district court agreed to that modification but failed to include the caveat in the final instructions presented to the jury.  Mr. Mendoza did not, however, object to the given instructions.  At the conclusion of the trial, the jury returned a verdict finding Mr. Mendoza guilty of aggravated assault for threatening to use a drawn deadly weapon against Mr. Lujan, not guilty of aggravated assault for attempting to cause bodily injury to Mr. Lujan, guilty of misdemeanor interference with a peace officer and not guilty of battery upon his girlfriend.

[¶7]    Mr. Mendoza filed a motion for a new trial because the district court had failed to instruct the jury that the duty to retreat did not apply to the "threatens to use a drawn deadly weapon" alternative.  The district court denied the motion for a new trial and sentenced Mr. Mendoza.  Mr. Mendoza appealed.

2

## STANDARD OF REVIEW

[¶8]    New trials in criminal cases are allowed if "required in the interest of justice." W.R.Cr.P. 33(a).  We generally review the district court's decision on a motion for a new trial for abuse of discretion.  *Lawson v. State,* 2010 WY 145, ¶ 19, 242 P.3d 993, 1000 (Wyo. 2010); *Hicks v. State,* 2008 WY 83, ¶ 30, 187 P.3d 877, 883 (Wyo. 2008).  A district court abuses its discretion when it could not have reasonably concluded as it did. *Majors v. State,* 2011 WY 63, ¶ 24, 252 P.3d 435, 441 (Wyo. 2011).

[¶9]    In addition to the standard of review for a ruling on a motion for new trial, we must apply the standard of review applicable to the claimed underlying error.  *See Hicks,* ¶ 30, 187 P.3d at 883 (acknowledging abuse of discretion standard for reviewing order on a motion for a new trial while applying *de novo* standard to claim of constitutional error in suppressing exculpatory evidence); *Barker v. State,* 2006 WY 104, ¶¶ 12-13, 141 P.3d 106, 112 (Wyo. 2006) (acknowledging abuse of discretion standard for reviewing order on a motion for a new trial and applying appropriate standard to underlying claim of denial of right to testify).  W.R.Cr.P. 30 addresses jury instructions and states in relevant part:

> (a)  At the close of the evidence or at such earlier time before or during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to all parties. Before instructing the jury the court shall conduct a formal instruction conference out of the presence of the jury at which the court shall inform counsel of the proposed action upon their requests and shall afford them an opportunity to offer specific, legal objection to any instruction the court intends to give and to offer alternate instructions. No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury is instructed, stating distinctly the matter to which the party objects and the grounds of objection. Before the argument of the case to the jury has begun, the court shall give to the jury such instructions on the law as may be necessary and the same shall be in writing, numbered and signed by the judge, and shall be taken by the jury when it retires.

The purpose of Rule 30 is to avoid unnecessary new trials caused by instructional errors that could have been corrected easily if brought to the trial court's attention at the proper time.  *Schaeffer v. State,* 2012 WY 9, ¶ 26, 268 P.3d 1045, 1056 (Wyo. 2012); *Bloomer v.*

3

*State,* 2010 WY 88, ¶ 9, 233 P.3d 971, 974 (Wyo. 2010). In the absence of a proper objection, the plain error standard of review applies. *Id.*

[¶10] The case at bar presents an atypical allegation of jury instruction error. Although Mr. Mendoza made an appropriate request for revision of the instruction and the district court granted it, he did not speak up when the final instructions were read without including the agreed upon modification. This failure is particularly troubling because, after it instructed the jury, the district court held a bench conference out of the hearing of the jury to explain on the record why it was refusing another offered instruction. That hearing provided a perfect opportunity for Mr. Mendoza to point out the district court's error, which could have immediately been corrected.

[¶11] Considering the circumstances of this case, we conclude Mr. Mendoza did not make a proper objection and the plain error standard of review applies. "'Plain error exists when: 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him.'" *Kidwell v. State,* 2012 WY 91, ¶ 10, 279 P.3d 540, 543 (Wyo. 2012), quoting *Talley v. State,* 2007 WY 37, ¶ 9, 153 P.3d 256, 260 (Wyo. 2007).

## DISCUSSION

[¶12] As we mentioned earlier, the district court instructed the jury on two different theories of aggravated assault—attempting to cause bodily injury with a deadly weapon and threatening to use a drawn deadly weapon. The jury convicted Mr. Mendoza of the threatening alternative but acquitted him of the other. The elements of the threatening alternative were included in Jury Instruction No. 8:

> [T]he elements of the crime of *Aggravated Assault and Battery – Threatens to Use Drawn Deadly Weapon,* as charged in **Count I** in this case are:
>
> 1. On or about the 22nd day of May 2011;
> 2. In Carbon County, Wyoming[;]
> 3. The Defendant, Jorge Mendoza;
> 4. Threatened to use a drawn deadly weapon on another person, Mike Lujan;
> 5. When not reasonably necessary in defense of Defendant's person, property or abode or to prevent serious bodily injury to another.

(Emphasis in original.) The law on self defense was incorporated into Instructions No. 13 and 14:

4

## Instruction No. 13

**Before the Defendant may be convicted of any crime, the State must prove beyond a reasonable doubt that the Defendant did not act in self-defense.**

It is lawful for a person who is being assaulted to defend himself from attack if he has reasonable grounds for believing or does believe that bodily injury is about to be inflicted upon him. In doing so he may use all force which would appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent.

One who has reasonable grounds to believe that another will attack him, and that the anticipated attack will be of such a character as to endanger his life or limb, or to cause him serious bodily harm, has a right to arm himself for the purpose of resisting such attack. If the Defendant armed himself in reasonable anticipation of such an attack, that fact alone does not make the Defendant the aggressor or deprive the Defendant of the right of self-defense.

To justify acting in self-defense, it is not necessary that the danger was real, or that the danger was impending and immediate, so long as the defendant had reasonable cause to believe and did believe these facts. If these two requirements are met, acting in self-defense is justified even though there is no intention on the part of the other person to do the Defendant harm, nor any impending and immediate danger, nor the actual necessity for acting in self-defense.

(Emphasis added.)

## Instruction No. 14

Generally, the right to use self-defense is not available to one who is the aggressor or provokes the conflict. However, if one who provokes a conflict thereafter withdraws from it in good faith and informs his adversary by words or actions that he wants to end the conflict, and he is thereafter attacked, he then has the same right of self-defense as any other person.

**Even if the Defendant had reasonable grounds to believe and actually did believe that he was in imminent**

5

**danger of death or serious bodily harm, the Defendant was justified in using deadly force to repel the danger only if he retreated as far as he safely could do before using deadly force. The law requires a person to retreat rather than to take the life of an adversary if there was a convenient mode of retreat without increasing his actual or apparent peril.** To excuse a failure to retreat, it is necessary that the Defendant's peril would be increased, or that it reasonably appeared that it would be increased, by retreat. If you find that the Defendant could have safely retreated but failed to do so, the Defendant cannot rely on the justification of self-defense.

The right of self-defense exists only as long as the threatened danger would appear to exist to a reasonable person in the Defendant's position. When the danger would no longer appear to exist to a reasonably prudent person, the right to use force in self-defense ends.

(Emphasis added.)

[¶13] In determining whether the district court properly instructed the jury, we consider the jury instructions as a whole and do not single out individual instructions, or parts of them, or view them in isolation. Reversible error will not be found when the instructions correctly state the law and the entire charge covers the relevant issue. *Creecy v. State,* 2009 WY 89, ¶ 18, 210 P.3d 1089, 1093 (Wyo. 2009); *Farmer v. State,* 2005 WY 162, ¶ 20, 124 P.3d 699, 706 (Wyo. 2005). A defendant is not prejudiced unless he can establish the given instructions confused or misled the jury regarding the proper principles of law. *Giles v. State,* 2004 WY 101, ¶ 14, 96 P.3d 1027, 1031 (Wyo. 2004); *Lane v. State,* 12 P.3d 1057, 1061 (Wyo. 2000).

[¶14] Mr. Mendoza claims the requirement in the first sentence of Instruction No. 13 that the jury consider the law of self defense for *any* crime means that the jury could have imposed upon him the duty to retreat before he could threaten Mr. Lujan with a drawn deadly weapon. He claims the jury was misled because the district court did not specifically instruct them that the duty to retreat did not apply to the threatening alternative. The State argues the instructions, taken as a whole, correctly informed the jury of the law of self defense, including the duty to retreat.

[¶15] The first element of the plain error standard is satisfied in this case because the record clearly reflects the instructions which were given and the parties' and district court's discussion of the relevant principles of law. The second plain error element requires a showing of a violation of a clear and unequivocal rule of law. In order to prevail, Mr. Mendoza must demonstrate there is a clear and unequivocal rule of law

stating the court must specifically instruct the jury that the duty to retreat does not apply to the "threatens to use" alternative of aggravated assault and battery.

[¶16] The law of self defense has its roots in the legal concept of necessity. The right to defend oneself and the amount and type of force which may be used, therefore, depend upon what is reasonably necessary under the circumstances. *Miller v. State,* 2003 WY 55, ¶ 21, 67 P.3d 1191, 1197 (Wyo. 2003); *Baier v. State,* 891 P.2d 754, 758 (Wyo. 1995). This concept is actually included in the statutory language at issue here when it states that a person is guilty of aggravated assault and battery if he "threatens to use a drawn deadly weapon on another *unless reasonably necessary in defense* of his person, property or abode or to prevent serious bodily injury to another." Section 6-2-502(a)(iii) (emphasis added). The duty to retreat pertains to the reasonableness and necessity of the self defense action.

[¶17] Although we have discussed the duty to retreat in various cases over the years, we are not directed to any case expressly discussing it in the context of a threat to use a drawn deadly weapon.[3] We have consistently said that a person has a duty to retreat before *using* deadly force. "[T]he law in Wyoming requires that, prior to resorting to deadly force, a defendant has a duty to pursue reasonable alternatives under the circumstances, and that among those reasonable alternatives may be the duty to retreat." *Baier,* 891 P.2d at 760. *See also, Garcia v. State,* 667 P.2d 1148, 1153 (Wyo. 1983). Similarly, in *Hernandez v. State,* 976 P.2d 672, 675-76 (Wyo. 1999), we approved a jury instruction stating the defendant had a duty to retreat "prior to resorting to deadly force." *See also, Creecy,* ¶¶ 19, 29, 210 P.3d at 1094-96 (approving the following jury instruction: "[t]he law requires a person to retreat rather than use deadly force . . ."). Articulated another way, a person has "a duty to seek alternative means prior to using . . . a deadly weapon with force." *Baier,* 891 P.2d at 760. *See also, Small v. State,* 689 P.2d 420, 423-24 (Wyo. 1984).

[¶18] The law set out in these cases was included in Instruction No. 14: "[T]he Defendant was justified in using deadly force to repel the danger only if he retreated as far as he safely could do before using deadly force. The law requires a person to retreat rather than to take the life of an adversary if there was a convenient mode of retreat without increasing his actual or apparent peril." The fact that the district court also instructed the jury that "[b]efore the Defendant may be convicted of any crime, the State must prove beyond a reasonable doubt that the Defendant did not act in self-defense"

---

[3] The district court stated in its order denying Mr. Mendoza's motion for a new trial that *Harries v. State,* 650 P.2d 273 (Wyo. 1982) "arguably involved only a 'threat' to use a deadly weapon, not the actual use thereof." It is true that the charge against Mr. Harries, under an older statute, stated that he possessed a deadly weapon (gun) with the intent to "unlawfully threaten the life or physical well being of another." *Id.* at 274 n.1. However, the jury was charged that a person is justified in *using* deadly force only if he retreated first, and the evidence in the *Harries* case clearly showed the gun was fired, or "used" during the altercation. *Id.* at 274-76.

does not make the instructions incorrect. The court's statements that the State must prove the defendant did not act in self defense before he may be convicted of any crime and that retreat is required, if reasonable, before using deadly force were correct. Under these circumstances, the jury was properly instructed and the instructions were consistent with the law propounded by Mr. Mendoza, i.e., the defendant had to retreat before *using* deadly force.

[¶19] This law (and the instructions) indicates the duty to retreat is limited to the circumstances where deadly force is used rather than threatened; however, Mr. Mendoza does not direct us to any clear rule of law stating that the duty to retreat does not apply to the "threatens to use" alternative. The statute specifically states that a person commits aggravated assault and battery if he "[t]hreatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another." Section 6-2-502(a)(iii). Under the plain language of this statute, the jury was required to determine whether Mr. Mendoza's threat to use a drawn deadly weapon was reasonably necessary. In the course of that analysis, the jury could decide whether the defendant should have retreated or withdrawn from the altercation prior to threatening to use a deadly weapon. We have said that "the duty to retreat, where it prevails, is applied in cases of actual assault." *Baier,* 891 P.2d at 760, citing *Garcia,* 667 P.2d at 1153. An actual assault takes place pursuant to the statute when a person makes a threat with a drawn deadly weapon. Because our review is for plain error and, thus, a search for a violation of a clear and unequivocal rule of law, we need not make a definitive decision as to whether the duty to retreat applies to aggravated assault under the "threatens to use" alternative.[4]

[¶20] The jury instructions in this case did not violate a clear and unequivocal rule of law. Mr. Mendoza has, therefore, failed to establish plain error and, accordingly, we also conclude that the district court did not abuse its discretion by denying Mr. Mendoza's motion for a new trial.

[¶21] Affirmed.

---

[4] Mr. Mendoza maintains that the prosecutor confused or misled the jury in his closing argument when he discussed the duty to retreat without limiting it to the "attempted injury" alternative of aggravated assault. This argument may have been relevant to a determination of prejudice if we had concluded the district court violated a clear and unequivocal rule of law, but since we did not find any such error, the prosecutor's argument was not improper.