# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 49

### OCTOBER TERM, A.D. 2014

### March 27, 2015

SCOTT A. GALBREATH,

Appellant
(Defendant),

v.

S-14-0169

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Jeffrey A. Donnell, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Patricia L. Bennett, Assistant Appellate Counsel. Argument by Ms. Bennett.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director, A. Walker Steinhage, Student Director, and Charity N. Payton, Student Intern, of the Prosecution Assistance Program. Argument by Ms. Payton.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    A jury convicted Scott A. Galbreath of sexual abuse of a minor in the second degree in violation of Wyo. Stat. Ann. § 6-2-315(a)(i).  On appeal, Mr. Galbreath contends that he received ineffective assistance of counsel based on a number of alleged errors committed by Mr. Galbreath's trial attorney during the course of the proceedings below.  We find that Mr. Galbreath suffered no prejudice, and affirm the judgment and sentence of the district court.

*ISSUE*

[¶2]    1.   Did Mr. Galbreath's trial counsel provide ineffective assistance?

*FACTS*

[¶3]    Mr. Galbreath was arrested and charged with sexual abuse of a minor in the second degree in violation of Wyo. Stat. Ann. § 6-2-315(a)(i) (LexisNexis 2013) in May 2013.  The felony information alleged that

> on or between February 1, 2013 to April 15, 2013, . . . [Mr. Galbreath] did commit the offense of *sexual abuse of a minor in the second degree* . . . in that [Mr. Galbreath], who is twenty-nine (29) years of age, did during said range of dates inflict sexual intrusion on a victim (S.V.), who was fifteen (15) years of age, and S.V. is at least four (4) years younger than [Mr. Galbreath].

The court appointed a public defender, but Mr. Galbreath later retained private counsel to defend him.  A jury found him guilty, and the district court sentenced him to ten to eighteen years with credit for time served.  Mr. Galbreath timely filed this appeal alleging ineffective assistance of counsel.  Additional facts will be addressed in our discussion of Mr. Galbreath's ineffective assistance of counsel claim.

*STANDARD OF REVIEW*

[¶4]    "'Claims of ineffective assistance of counsel involve mixed questions of law and fact[.]'  *Osborne v. State*, 2012 WY 123, ¶ 17, 285 P.3d 248, 252 (Wyo. 2012).  We review such claims *de novo*."  *Ortega-Araiza v. State*, 2014 WY 99, ¶ 5, 331 P.3d 1189, 1193 (Wyo. 2014).

1

[¶5]    We have adopted the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), to determine whether a defendant has received effective assistance of counsel. *Frias v. State*, 722 P.2d 135, 145 (Wyo. 1986).   The appellant must establish both that counsel's performance was deficient, and that the appellant was prejudiced by the deficient performance.  *Id.*; *McGarvey v. State*, 2014 WY 66, ¶¶ 13-14, 325 P.3d 450, 454-55 (Wyo. 2014) (discussing ineffective assistance of counsel).   An attorney acts deficiently when he or she "fail[s] to render such assistance as would have been offered by a reasonably competent attorney."  *Bloomer v. State*, 2010 WY 88, ¶ 18, 233 P.3d 971, 976 (Wyo. 2010) (citing *Dettloff v. State*, 2007 WY 29, ¶ 18, 152 P.3d 376, 382 (Wyo. 2007)). Prejudice occurs when there is "a reasonable probability that, absent counsel's deficient assistance, the outcome of [appellant's] trial would have been different."  *Id.*  "The burden of proving that counsel was ineffective rests entirely on the appellant[,]" *Pendleton v. State*, 2008 WY 36, ¶ 20, 180 P.3d 212, 219 (Wyo. 2008), and failure of an appellant to establish either component—deficient performance or prejudice—is fatal to the appeal.  *Eaton v. State*, 2008 WY 97, ¶ 132, 192 P.3d 36, 92 (Wyo. 2008), *habeas corpus conditionally granted by Eaton v. Wilson*, No. 09-CV-261-J, 2014 WL 6622512 (D. Wyo., Nov. 20, 2014).   Upon review, we are therefore free to examine the two components in any order that we choose.  *Id.*; *Bloomer*, 2010 WY 88, ¶ 18, 233 P.3d at 976.

### I.    Did Mr. Galbreath's trial counsel provide ineffective assistance?

[¶6]    Mr. Galbreath argues that his trial attorney acted ineffectively in three ways.  First, Mr. Galbreath claims that he received ineffective assistance of counsel when his attorney failed to offer a witness to provide testimony regarding DNA test results.  Next, Mr. Galbreath argues that his trial attorney's performance was ineffective when he failed to perform a full investigation prior to questioning Mr. Galbreath's father on the stand. Finally, Mr. Galbreath alleges that his trial counsel was ineffective in conducting voir dire.  We find that while Mr. Galbreath's trial attorney certainly made some errors in representing Mr. Galbreath, his performance did not rise to the level of ineffective assistance of counsel because Mr. Galbreath demonstrated no prejudice.

### A.   DNA Results

[¶7]    In Defendant's Updated Pre-Trial Disclosures of Witnesses and Exhibits, Mr. Galbreath designated a DNA Laboratory Examination Report, dated December 3, 2013, as an exhibit.  Trial counsel, however, did not designate a witness who could provide the foundation required to enter the exhibit into evidence, which resulted in a motion in limine from the prosecution seeking to preclude Mr. Galbreath from entering the DNA results into evidence.  The district court held a hearing on the motion immediately

preceding trial, but the court did not rule on the issue at that time. During trial, the district court held an additional meeting with counsel in chambers concerning the DNA evidence. The district court pointed out that introduction of that evidence (even if it could have been introduced without a witness) would open the door for the prosecutor to discuss destruction of evidence by Mr. Galbreath's father, thus further undermining the credibility of witnesses for the defense. Mr. Galbreath's attorney decided not to introduce the report into evidence.

[¶8]    Regardless of whether Mr. Galbreath's trial counsel acted deficiently in failing to notice an appropriate witness to testify regarding the results of the DNA test, we find that Mr. Galbreath suffered no prejudice. The DNA test compared a cutout from Mr. Galbreath's mattress with two oral swabs taken from Mr. Galbreath. The test resulted in a finding that "The partial DNA profile obtained from the cutout . . . is not consistent with Scott Galbreath[.]" We fail to see how this evidence would have made any difference in the outcome of the trial. On appeal, Mr. Galbreath contends, "Those results would have been beneficial to Mr. Galbreath's case, as the results indicate no link between Mr. Galbreath and S.V." Contrary to Mr. Galbreath's contention, however, the DNA results do not establish that there was no sexual link between Mr. Galbreath and S.V. To derive that conclusion from the DNA report, the test would necessarily require a sample from S.V., which was conspicuously absent from these results. We cannot perceive of any way in which the introduction of this evidence to the jury would have changed the outcome of the trial. Mr. Galbreath has failed to establish that he was prejudiced as a result of trial counsel's actions in this matter, thus defeating his ineffective assistance of counsel claim. *Eaton*, 2008 WY 97, ¶ 132, 192 P.3d at 92 (failure to prove either deficient performance or prejudice is fatal to an ineffective assistance of counsel claim).

**B.    Gary Galbreath Testimony**

[¶9]    Mr. Galbreath next contends that trial counsel acted ineffectively when examining Gary Galbreath, Mr. Galbreath's father, on the witness stand. During the investigation, police officers questioned Gary Galbreath when they executed a search warrant on his home.[1] The police asked Gary Galbreath whether he knew that his son and S.V. were having sex. Gary Galbreath responded that he knew they were having sex because he could hear them in Mr. Galbreath's room. However, upon examination by the prosecution at trial, Gary Galbreath recanted his earlier statement and denied that he heard his son and S.V. having sex. In an attempt to explain the discrepancies in the statement that Gary Galbreath made to the police and his testimony at trial, Mr. Galbreath's trial attorney questioned Gary Galbreath about medications that he had been taking when he spoke to the police. Gary Galbreath testified:

---

[1] During the time in question, Mr. Galbreath frequently stayed at Gary Galbreath's home in Laramie where the victim and Mr. Galbreath often had contact.

A. April 18th is when they served the search warrant.

Q. Okay. Do you remember that day very well?

A. Do I what?

Q. Do you remember April 18, 2013 very well?

A. No.

Q. Were you taking medication at that time?

A. Oh, lots of it, man.

Q. What type of medication were you taking?

A. Well, I had had a prostate operation and I was taking everything Dr. Flock could give me. Percocet and all that stuff. And it's a terrible operation. And I was taking all of it, anything I could get.

Q. Did you ever read the side effects of some of those medications that you took?

A. Well, I'm taking Type II diabetes medicine and warfarin for AFib. But no, I never read the side effects of medication.

Q. Okay. So you don't know whether or not taking the Percocet, the pain medication, you might have agreed with law enforcement if they asked you a question?

A. I probably would, I suppose.

On redirect, the prosecutor pointed out to Gary Galbreath that he had not, in fact, had prostate surgery until May 6, 2013, well after he had spoken with the police. Mr. Galbreath's trial attorney attempted to rehabilitate Gary Galbreath's testimony by recalling him to the stand during the defense's case in chief, but was unable to effectively do so.

[¶10] While we agree that trial counsel's examination of Gary Galbreath may not have been competent, we cannot conclude that Mr. Galbreath was prejudiced as a result. Mr. Galbreath carries the burden to demonstrate a reasonable probability that, absent the

4

deficient performance of counsel, the outcome of his trial would have been different. *Bloomer*, 2010 WY 88, ¶ 18, 233 P.3d at 976. Mr. Galbreath laments the fact that his trial attorney failed to adequately investigate the dates of Gary Galbreath's prostate surgery, resulting in a "devastating effect on [Mr. Galbreath's] case at trial." However, he fails to articulate how the outcome would have been different absent this testimony by his father. *See Sanchez v. State*, 2011 WY 77, ¶ 42, 253 P.3d 136, 148 (Wyo. 2011) (finding Sanchez's "bald assertion that prejudice occurred" insufficient to demonstrate prejudice).

[¶11] The record shows that Gary Galbreath made statements to the police that were inconsistent with his trial testimony. The prosecution made good use of these inconsistencies by impeaching Gary Galbreath on the stand. Moreover, the prosecution pointed out the natural instinct of parents to protect their children:

> Q. Now, Gary, you're [Mr. Galbreath's] father, correct?
>
> A. Yes, sir.
>
> Q. And you don't want to say anything that's going to hurt your son at all; is that correct?
>
> A. Yes, sir.

The damage to Gary Galbreath's credibility had already been accomplished even before being questioned about medications. Considering Gary Galbreath's inconsistent statements and his relationship to Mr. Galbreath, it is unlikely that his testimony regarding his medication significantly reduced his credibility with the jury.

## C. Voir Dire

[¶12] As his final contention, Mr. Galbreath argues that he received ineffective assistance of counsel when his trial attorney failed to voir dire the jury about potential biases relating to sexual abuse and abuse of children, and failed to recognize and remove a prominent retired defense attorney who was on the jury panel. Again, however, Mr. Galbreath does not articulate how he was prejudiced by trial counsel's performance during voir dire. *See Sanchez*, 2011 WY 77, ¶ 42, 253 P.3d at 148 (bald assertions of prejudice are insufficient). The former defense attorney who was on the jury panel was not seated on the jury. Thus, Mr. Galbreath cannot claim prejudice on that matter. Additionally, the record clearly demonstrates that the prosecutor fully questioned the jurors about potential biases relating to sexual abuse of a minor. Many of the jurors were questioned individually, and their potential biases were fleshed out at the time. One juror was excused from the panel because of her answers to those questions. The issue of biases relating to sexual abuse of minors was fully examined, albeit not by

Mr. Galbreath's trial counsel. *See* W.R.Cr.P. 24(c)(3)(C) ("In voir dire examination counsel . . . shall not: . . . Repeat a question asked and answered[.]"). Moreover, Mr. Galbreath presents no argument on how the outcome of the trial would have been different had his trial attorney questioned the jurors concerning their potential biases related to sexual abuse of a minor. Mr. Galbreath has failed to demonstrate how he was prejudiced by his trial attorney's performance during voir dire, thus his ineffective assistance of counsel claim must fail. *See Sanchez*, 2011 WY 77, ¶ 42, 253 P.3d at 148 (finding no prejudice when appellant failed to explain how counsel's alleged errors adversely affected the outcome of the case).

## *CONCLUSION*

[¶13] Mr. Galbreath has failed to satisfy his burden of demonstrating that he suffered prejudice as a result of his trial counsel's performance at trial. His claim for ineffective assistance of counsel must therefore fail. Affirmed.