# THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 119

OCTOBER TERM, A.D. 2025

November 4, 2025

JAMES D. VAN WINTER,

**Appellant**
**(Defendant),**

**v.**

**THE STATE OF WYOMING,**

**Appellee**
**(Plaintiff).**

S-24-0141, S-25-0038

*Appeal from the District Court of Big Horn County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
> *Office of Public Defender: Brandon Booth, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; H. Michael Bennett, Senior Assistant Public Defender. Argument by Mr. Bennett.*

*Representing Appellee:*
> *Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General. Argument by Mr. Woykovsky.*

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ. and MCGRADY, DJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]     A jury convicted James D. Van Winter of aggravated assault and battery (Count I) and possession of a deadly weapon with unlawful intent (Count II).  He appeals, contending the district court erred by denying his motion for a new trial based on ineffective assistance of counsel under Rule 21 of the Wyoming Rules of Appellate Procedure (W.R.A.P.).  He also contends the district court's written judgment and sentence on Count II materially differs from its oral pronouncement.  We affirm the district court's denial of his Rule 21 motion.  We remand to conform the written judgment and sentence on Count II to the oral pronouncement and to conduct a limited resentencing hearing to determine the appropriate probationary period.

## ISSUES

[¶2]     Mr. Van Winter presents two issues on appeal, which we rephrase as follows:

> I.     Did the district court err when it denied Mr. Van Winter's W.R.A.P. 21 motion for a new trial based on ineffective assistance of counsel?
>
> II.    Is there a material discrepancy between the district court's oral pronouncement and the written judgment and sentence on Count II requiring a remand?

## FACTS

[¶3]     Facing financial and housing difficulties, Mr. Van Winter moved from Arizona to his sister's home in Basin, Wyoming, in February 2023.  His sister agreed to allow him to stay with her family while he looked for work and his own housing.

[¶4]     On March 18, 2023, Mr. Van Winter's sister and brother-in-law hosted a family friend and his wife for dinner and a game night.  After dinner, Mr. Van Winter stepped outside to smoke.  The sister and the friend's wife left the house to pick up the sister's daughter from a sleepover.  When the friend's wife opened the screen door to the front porch, she accidentally struck Mr. Van Winter in the leg with the door, although she did not realize it at the time.  The two women then drove away.  On the way back to the sister's residence, the daughter noticed a vehicle following their car closely and identified it as Mr. Van Winter's Jeep.

[¶5]     When both vehicles arrived back at the sister's house, Mr. Van Winter drove his Jeep onto the lawn.  As they all walked towards the house, Mr. Van Winter began arguing with the sister about the friend's wife hitting him with the door.  The exchange became heated, and the brother-in-law and friend came outside and saw Mr. Van Winter and his

1

sister yelling at each other. The sister told Mr. Van Winter to pack his belongings and leave her house. When he refused to leave, the brother-in-law grabbed Mr. Van Winter's belongings and tossed them outside.

[¶6]    As the brother-in-law went back inside the house, Mr. Van Winter followed him and a physical altercation ensued. The brother-in-law restrained Mr. Van Winter on the floor until he agreed to leave. Once released, Mr. Van Winter threw his sweatshirt over the brother-in-law's head, pushed him onto the couch, drew a pocketknife, held it to his throat and threatened to kill him.

[¶7]    The sister, brother-in-law, and family friend testified the brother-in-law wrestled the pocketknife away from Mr. Van Winter, cutting his own hand in the process, before handing the knife to the sister. The family friend observed the brother-in-law's hand was bleeding. The brother-in-law then restrained Mr. Van Winter again until he agreed to leave the residence. The brother-in-law forced Mr. Van Winter out the front door. After Mr. Van Winter left, the sister called 911.

[¶8]    Basin Police Officer T.J. VanderPloeg responded to the call, took statements from the sister and brother-in-law, photographed the brother-in-law's cut, and collected the pocketknife. Mr. Van Winter was apprehended that night in Greybull, Wyoming. When Officer VanderPloeg questioned Mr. Van Winter the following morning, Mr. Van Winter denied any fight occurred and claimed he was outside smoking when his sister and brother-in-law started throwing his stuff out.

[¶9]    The State charged Mr. Van Winter with Count I, aggravated assault and battery, and Count II, possession of a deadly weapon with unlawful intent. The case proceeded to a jury trial. During cross-examination, Officer VanderPloeg was questioned about whether he took any steps to verify the pocketknife the sister gave him actually belonged to Mr. Van Winter. He testified he sent the knife to the State Crime Lab to be tested for fingerprints. When defense counsel asked Officer VanderPloeg whether Mr. Van Winter's fingerprints were found on the knife, the State objected on hearsay grounds, and the district court sustained the objection. Defense counsel did not call any witness from the State Crime Lab to discuss the results of the fingerprint analysis.

[¶10]   The jury found Mr. Van Winter guilty on both counts. At sentencing, the district court orally imposed a term of 18 to 24 months imprisonment on Count I. On Count II, the district court sentenced Mr. Van Vinter as follows:

> As it relates to Count II, possession of a deadly weapon, unlawful intent, under Wyoming Statute 6-8-103, the [c]ourt will impose a 2-to-4 year sentence on that charge, with credit for time served. The [c]ourt will suspend the remainder consecutive to Count I, and require Mr. Van Winter to be on

2

> supervised probation, with standard terms and conditions A
> through I, K, L, N, O, and P, and drug and alcohol conditions
> A through H.[1]

The written Judgment and Sentence, however, imposed a suspended three-to-five-year term on Count II with three years of supervised probation. Mr. Van Winter timely appealed.

[¶11] While his appeal was pending, Mr. Van Winter filed a motion for a new trial pursuant to W.R.A.P. 21 alleging ineffective assistance of counsel. He contended his trial counsel was ineffective for failing to call a witness from the State Crime Lab to testify about the fingerprint evidence. He further claimed, if counsel had subpoenaed a witness to present this evidence to the jury, he could have advanced a colorable self-defense argument at trial.

[¶12] The district court held a *Calene* hearing on Mr. Van Winter's motion. During the hearing, trial counsel testified the Crime Lab report showed there was a fingerprint on the pocketknife that did not belong to Mr. Van Winter. Trial counsel testified she did not find the result surprising. Trial counsel noted fingerprints are generally unreliable, and the State had presented evidence that other people had handled the knife. In her view, the absence of Mr. Van Winter's fingerprints would not outweigh the testimony from the three witnesses who said he brandished the pocketknife. Still, trial counsel regarded the fingerprint evidence as exculpatory, and she intended to introduce it through the officer's testimony or by admitting the analyst's report as an exhibit. However, trial counsel did not make any arguments regarding the admissibility of this evidence when the State made its hearsay objection.

[¶13] Although trial counsel recognized the fingerprint evidence was significant, she testified "there [were] plenty of things that could be argued to [the] jury" beyond that issue. In particular, she sought to highlight inconsistencies among the witnesses' statements, testimony, and the body camera footage, as well as the 20-minute delay before the sister contacted law enforcement. Her overarching defense theory was that Mr. Van Winter's sister and brother-in-law had fabricated or exaggerated events in order to remove him from the home. Counsel also pointed to testimony suggesting the brother-in-law had choked Mr. Van Winter, which could support a self-defense claim. While she remembered discussing self-defense with Mr. Van Winter, she expressed concern a jury might view him as the aggressor.

---

[1] Four pages setting forth these enumerated "standard probation conditions" and "alcohol/drug conditions" were appended to the written judgment and sentence. Although these provisions governed the conditions that applied to Mr. Van Winter's probation, none of them specified the length of his probationary term.

[¶14] The district court denied Mr. Van Winter's motion for a new trial on the grounds Mr. Van Winter failed to show there was a reasonable probability the admission of the fingerprint evidence would have changed the ultimate outcome of his trial. This timely appeal followed.

## STANDARD OF REVIEW

[¶15] Claims of ineffective assistance of counsel present mixed questions of law and fact. *Bindner v. State,* 2024 WY 53, ¶ 24, 548 P.3d 285, 291 (Wyo. 2024) (quoting *Jendresen v. State*, 2021 WY 82, ¶ 36, 491 P.3d 273, 284 (Wyo. 2021)). "We review the district court's findings of fact for clear error and its conclusions of law de novo." *Id*.

[¶16] In a criminal case, when the oral pronouncement of a sentence conflicts with the written order, the oral pronouncement controls. *Wanberg v. State*, 2020 WY 75, ¶ 28, 466 P.3d 269, 275 (Wyo. 2020). If a written sentence does not conform to the oral sentence, the remedy is to remand the issue for correction. *Id*.

## DISCUSSION

### I. *The district court did not err by denying Mr. Van Winter's W.R.A.P. 21 motion for a new trial.*

[¶17] To prevail on a claim of ineffective assistance of counsel, Mr. Van Winter must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), by showing both his counsel's performance was deficient, and he was prejudiced by that deficient performance. *Galbreath v. State*, 2015 WY 49, ¶ 5, 346 P.3d 16, 18 (Wyo. 2015) (citations omitted). "Failure to establish either deficiency or prejudice will cause an ineffective assistance of counsel claim to fail." *Hill v. State*, 2025 WY 86, ¶ 12, 572 P.3d 505, 508 (Wyo. 2025) (citing *Aisenbrey v. State*, 2024 WY 131, ¶ 19, 560 P.3d 283, 287 (Wyo. 2024)). "We may, and often do, dispose of an ineffective assistance claim solely on the prejudice prong." *Id.* (quoting *Bolen v. State*, 2024 WY 48, ¶ 33, 547 P.3d 961, 968 (Wyo. 2024)). Prejudice occurs if there is a reasonable probability that the outcome of the trial would have been different without counsel's deficiency. *Bindner,* 2024 WY 53, ¶ 25, 548 P.3d at 292 (citations omitted). Mr. Van Winter cannot show he was prejudiced by his counsel's performance.

[¶18] Mr. Van Winter contends his trial counsel was ineffective for failing to call a witness from the State Crime Lab to testify regarding the fingerprint evidence. Specifically, he claims it was exculpatory evidence that someone else's fingerprint was present on the pocketknife while his own was absent. He asserts failing to secure this evidence prevented him from presenting a "complete defense" of either self-defense or false accusations.

4

[¶19] As the district court recognized, the fingerprint evidence was consistent with the other evidence presented by the State. The sister, brother-in-law, and family friend each testified the brother-in-law wrestled the pocketknife away from Mr. Van Winter and handed it to the sister. In light of this testimony, the presence of someone else's fingerprint on the knife does not undermine the jury's verdict; it merely confirms other people handled the knife after Mr. Van Winter handled it. Our precedent confirms that evidence that is consistent with the State's case does not establish prejudice under *Strickland*. *See Galbreath*, 2015 WY 49, ¶¶ 6–8, 346 P.3d at 18–19 (holding the appellant was not prejudiced by his attorney's failure to present evidence the appellant's DNA was not on a mattress because that evidence did not establish there was no sexual link between the appellant and the victim, and the evidence would not have changed the result of the trial); *Bindner*, 2024 WY 53, ¶¶ 32–34, 548 P.3d at 293 (holding the appellant was not prejudiced by his attorney's failure to call a witness whose testimony would have been consistent with joint possession of methamphetamine and would not have negated the appellant's guilt).

[¶20] Further, the fingerprint evidence did not meaningfully support the alternative self-defense theory, and as Mr. Van Winter concedes, it may have even undermined such a defense. The evidence presented at trial established the conflict escalated when Mr. Van Winter followed his sister's vehicle home, angrily confronted her, refused to leave when told to do so, followed the brother-in-law into the house, and engaged in a physical altercation during which he ultimately held a pocketknife to his brother-in-law's throat and threatened to kill him. We fail to see how the absence of Mr. Van Winter's fingerprints on the knife could support an argument that he wielded the knife in self-defense. Accordingly, even if admitted, the fingerprint testimony would not create a reasonable probability of a different verdict. *See Galbreath*, 2015 WY 49, ¶¶ 5–8, 346 P.3d at 18–19 (citing *Bloomer v. State*, 2010 WY 88, ¶ 18, 233 P.3d 971, 976 (Wyo. 2010)).

[¶21] We conclude Mr. Van Winter failed to show a reasonable probability the outcome of his trial would have been different absent counsel's alleged deficiency. Therefore, he failed to establish he was prejudiced by his counsel's performance, and his ineffective assistance claim necessarily fails. The district court did not err by denying Mr. Van Winter's W.R.A.P. 21 motion for a new trial. *See Hill*, 2025 WY 86, ¶¶ 12–13, 572 P.3d at 508–09.

## II. There is a material discrepancy between the district court's oral pronouncement and the written judgment and sentence on Count II, requiring a remand.

[¶22] Mr. Van Winter contends a material discrepancy exists between the district court's oral pronouncement of his sentence on Count II and its subsequent written judgment and sentence. The State concedes this discrepancy and agrees remand is necessary to conform the written judgment and sentence to the oral pronouncement. *See, e.g., Frederick v. State*, 2007 WY 27, ¶¶ 42–43, 151 P.3d 1136, 1149 (Wyo. 2007).

5

[¶23] Here, the district court orally imposed a suspended two-to-four-year sentence for Count II, consecutive to Count I. However, the written judgment imposed a suspended three-to-five-year term. This inconsistency requires remand to conform the written judgment to the oral pronouncement. *Wanberg*, 2020 WY 75, ¶ 28, 466 P.3d at 275.

[¶24] The parties dispute whether the length of the probationary term must also be corrected on remand. At sentencing, the district court orally sentenced Mr. Van Winter to supervised probation, but it did not specify the length of that probationary period. The written judgment imposed a three-year probationary term. We have recognized that where an oral sentence is ambiguous, a written judgment may clarify the ambiguity. *Christensen v. State*, 854 P.2d 675, 678 (Wyo. 1993) (quoting *United States v. Earley,* 816 F.2d 1428, 1431 (10th Cir. 1987)). If the district court's oral ruling is ambiguous, we consider the written judgment as evidence of what the court intended. *Id.* at 681. We must determine whether the district court's silence regarding the length of the probationary period constitutes an ambiguity that could be clarified through a written judgment or if the inclusion of the three-year probationary term constitutes a conflict that must be corrected through remand.

[¶25] Although we have not had an opportunity to address this issue, the Tenth Circuit has held a court's silence on a discretionary sentencing provision is more likely to constitute a conflict rather than an ambiguity. *See United States v. Geddes*, 71 F.4th 1206, 1214–15 (10th Cir. 2023) (citing *United States v. Bruley*, 15 F.4th 1279, 1286–87 (10th Cir. 2021)). In *Geddes*, the district court added 14 discretionary probationary conditions to the written judgment and sentence that were not orally pronounced at the sentencing hearing. *Id.* at 1211. The Tenth Circuit recognized a defendant has the right to be present at the imposition of his sentence, and due to the district court's silence regarding these discretionary terms, he "was not aware of his sentence when he left the courtroom." *Id.* at 1216. The Tenth Circuit found there was nothing in the district court's words that could be construed as ambiguous, and the district court simply did not impose those discretionary conditions. *Id.* It joined other federal circuits that have held "discretionary conditions must be orally pronounced." *Id.* at 1215. It concluded the district court abused its discretion by adding those discretionary conditions to the written judgment and sentence, and it remanded the case to the district court to conform the written judgment to the oral pronouncement. *Id.* at 1216–17.

[¶26] Although *Geddes* dealt with discretionary conditions of probation rather than the length of the probationary period itself, we find the reasoning of that case to be persuasive. Mr. Van Winter had the right to be present when his sentence was pronounced. *See, e.g.,* W.R.Cr.P. 43(a) (stating the defendant's presence is required at the imposition of sentence). Wyoming Statute § 7-13-302 (2025) gives the district court discretion to determine the length of a probationary term. In this case, the district court's oral pronouncement was silent regarding the length of that term. There is nothing in the district court's oral pronouncement that could be considered ambiguous. Rather, the discrepancy between the

6

oral pronouncement and the written judgment demonstrates a material conflict that requires correction on remand. *See Geddes*, 71 F.4th at 1217 (citing *United States v. Villano*, 816 F.2d 1448, 1453 (10th Cir. 1987)).

[¶27]  Accordingly, the portion of Mr. Van Winter's sentence that imposes a three-year probationary term is vacated, and we remand this matter to the district court to conduct a limited resentencing hearing.  On remand, the district court must conform the written sentence to its oral pronouncement on Count II and determine the appropriate length of the probationary term.

## **CONCLUSION**

[¶28]  The district court did not err when it denied Mr. Van Winter's W.R.A.P. 21 motion because he failed to meet his burden of showing he was prejudiced by his counsel's failure to introduce the fingerprint evidence.  However, there is a material discrepancy between the district court's oral pronouncement and the written judgment and sentence on Count II. Thus, we remand this matter to the district court to conform the written judgment to its oral pronouncement and determine the appropriate length of the probationary term.