2012 WY 54

**David Kenneth MERCER, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0204.**

Supreme Court of Wyoming.

April 11, 2012.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Stewart M. Young, Director, Joshua B. Taylor, Student Director, and Callan E. Riedel, Student Intern, Prosecution Assistance Program, University of Wyoming, College of Law.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Pursuant to a plea agreement, David Kenneth Mercer pleaded no contest to three felony counts of sexual abuse of a minor. After he was sentenced, Mr. Mercer appealed, asserting that the prosecutor breached the plea agreement. We find no breach of the agreement and affirm.

---

1. It is not necessary for the district court to establish a factual basis for charges to which a defendant has entered a plea of no contest. *See*

## ISSUE

[¶ 2] Mr. Mercer presents one issue: Did the State breach its plea agreement at sentencing when it misstated facts and argued for a harsh sentence based on Mr. Mercer's alleged failure to accept personal responsibility?

## FACTS

[¶ 3] Mr. Mercer was charged with four counts of first degree sexual abuse of a minor in violation of Wyo. Stat. Ann. § 6–2–314(a)(iii) (LexisNexis 2009), and two counts of second degree sexual abuse of a minor in violation of Wyo. Stat. Ann. § 6–2–315(a)(iv). He pleaded not guilty, and a jury trial was scheduled. A month before the trial date, the State moved to amend the charges. The key amendment was the addition of allegations that Mr. Mercer had previously been convicted of a similar crime, and pursuant to the enhanced sentencing provisions of Wyo. Stat. Ann. § 6–2–306(e), was subject to sentences of life without parole on each of the counts charged.

[¶ 4] The district court granted the State's motion to amend. Soon after, Mr. Mercer reached a plea agreement with the State. As the prosecutor explained during the change of plea hearing, the State agreed to dismiss the amended Information and proceed under the original Information, the effect being that the State would not seek mandatory life sentences for Mr. Mercer. Mr. Mercer agreed to plead no contest to two counts of first degree sexual abuse of a minor and one count of second degree sexual abuse of a minor. The State agreed to dismiss the remaining counts. There was no agreement regarding sentencing. Mr. Mercer confirmed his understanding of the plea agreement. The district court reconfirmed that Mr. Mercer would plead no contest to the charges rather than guilty.

[¶ 5] Mr. Mercer entered his pleas to the three counts. Because he pleaded no contest rather than guilty, the district court did not ask him questions to establish the factual basis for the pleas.[1] Instead, it asked

*Peitsmeyer v. State,* 2001 WY 38, ¶ 7, 21 P.3d 733, 734 (Wyo.2001).

the prosecutor to "explain what you would intend to show if this went to trial." The prosecutor did so, and defense counsel corroborated that the prosecutor's representation was consistent with what "we believe the evidence to be." Mr. Mercer also expressed his understanding of the evidence that the State would present at trial. The district court accepted Mr. Mercer's pleas, and delayed sentencing pending completion of a presentence investigation report.

[¶ 6] At the sentencing hearing, the district court heard statements from witnesses for Mr. Mercer, and a statement from Mr. Mercer himself. The defense attorney asked the district court to consider, in lieu of imprisonment, requiring Mr. Mercer to undergo treatment for substance abuse and psychological and emotional issues, or in the alternative, for the minimum sentences on the first degree counts and probation on the second degree count. The prosecutor requested the maximum sentence of 45 to 50 years on each of the two first degree sexual assault charges and 18 to 20 years on the second degree charge.

[¶ 7] The district court sentenced Mr. Mercer to 20 to 35 years imprisonment on each of the first degree counts, with the sentences to be served consecutively. It sentenced him to 10 to 15 years imprisonment on the third count, suspended in lieu of 10 years of supervised probation, to be served consecutively to the sentences on the first two counts. In this appeal, Mr. Mercer contends that his sentences must be reversed, and that he must be allowed to withdraw his pleas of no contest, because the State breached the plea agreement.

### STANDARD OF REVIEW

[¶ 8] The question of whether the State violated a plea agreement is one we usually review *de novo*. *Ford v. State*, 2003 WY 65, ¶ 8, 69 P.3d 407, 410 (Wyo.2003); *Schade v. State*, 2002 WY 133, ¶ 5, 53 P.3d 551, 554 (Wyo.2002).

> However, when a party fails to raise the issue of breach of a plea agreement with the district court, we review the alleged breach for plain error. *See Rutti v. State*, 2004 WY 133, ¶¶ 40–41, 100 P.3d 394, 410

(Wyo.2004). We have repeatedly held that "[p]lain error exists when 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him." *Id.* at ¶ 33, [100 P.3d] at 408 (quoting *Sandy v. State*, 870 P.2d 352, 358 (Wyo. 1994)). The appellant bears the burden of proving plain error. *Id.*

*Christensen v. State*, 2010 WY 95, ¶ 6, 234 P.3d 1229, 1230 (Wyo.2010). Because Mr. Mercer did not raise this issue before the district court, we apply the plain error standard of review.

### DISCUSSION

[¶ 9] Mr. Mercer's argument that the State breached the plea agreement is based on the following comments made by the prosecutor during the sentencing hearing:

> Your honor, I want to make it clear to the Court what we're here for today is a sentencing on a defendant that **pled guilty** to three separate counts of sex assault of a minor, two in the first degree, [one] in the second degree.
>
> **He comes up now and he tries to minimize his acts.** He tries to say that all he did was try to stop a 15–year–old girl from doing what she wanted to do, and essentially, he is not to blame. The information I have from Mr. Mercer is, he's an extremely manipulative person, a controlling person.... [The prosecutor discusses information from Mr. Mercer's previous conviction.]
>
> Your Honor, I submit to you that today we have the same thing. 18 years later, we are in the same position. David Mercer sexually assaulted [a fifteen-year-old girl]. David Mercer **pled guilty** to those acts. The State gave a factual basis at the time of the change of plea, and he had no issues with it and he accepted it **and he went on to expound on it.**
>
> We come back a few months later, or about six weeks later, and he's **here trying to**

*minimize his behavior and beg leniency from the Court.*

When we look at sentencing recommendations, Your Honor, we do consider, you know, the chances of rehabilitation, retribution, things like that. Your Honor, in this case, I can see no rehabilitation. He's had that chance. That chance has passed, and yet we have another victim. He wants to stand here at this podium and say it's the victim's fault, how many [others] has [the victim] ran through this court since she's been here....

Your Honor, based on this, the State would ask for the maximum possible sentence on each of those counts. The State would ask for a period of 45 to 50 years on each count of sexual assault of a minor in the first degree[ ], and a sentence of 18 to 20 years on sexual assault in the second degree. And the State would ask that all these sentences run consecutive[ly].

(Emphasis added.) Mr. Mercer makes two distinct arguments about these comments. The two are intertwined in his brief, but we find it clearer to analyze them separately. First, we will consider his argument that the prosecutor misstated facts when he said that Mr. Mercer pleaded "guilty" to three charges, and that Mr. Mercer "expounded" on the factual basis for the charges. Second, we will address his argument that the prosecutor improperly recommended a harsh sentence based on Mr. Mercer's alleged failure to accept personal responsibility.

[¶ 10] The record is clear that Mr. Mercer did not plead "guilty" to the charges. He pleaded no contest. Also, Mr. Mercer did not "expound" on the factual basis. At the change of plea hearing, the prosecutor told the district court what the evidence would show, and the district court asked Mr. Mercer if that was his "understanding of what the State's evidence would be." Mr. Mercer answered, "Yes, sir." To "expound" means to "give a detailed statement of; set forth," to "explain in detail; elucidate." *American Heritage College Dictionary* 492 (4th ed. 2004). Mr. Mercer's two-word response to the district court's question was not expounding. The errors complained of are clearly

reflected in the record, satisfying the first prong of the plain error test.

[¶ 11] The second prong is whether the error transgressed a clear and unequivocal rule of law. We have said that it is improper for a "prosecutor intentionally to misstate the evidence" in arguments to the jury. *Wilks v. State,* 2002 WY 100, ¶ 27, 49 P.3d 975, 987 (Wyo.2002). The prosecutor in Mr. Mercer's case was speaking to the district court, not to a jury, but Mr. Mercer also asserts that prosecutors may not "argue evidence that has not been admitted in the proceedings *whether that is done at trial or at sentencing.*" *Wilde v. State,* 2003 WY 93, ¶ 27, 74 P.3d 699, 711 (Wyo.2003) (emphasis added).

[¶ 12] It is unclear from the record whether the prosecutor unintentionally misspoke or made a deliberate misrepresentation. However, even if the prosecutor's misstatements could be said to violate a clear and unequivocal rule of law, it is apparent that they were harmless. The district court knew how Mr. Mercer had pleaded. The judge who sentenced Mr. Mercer was the same one who accepted his no contest pleas. At the change of plea hearing, the district court clearly and repeatedly acknowledged that Mr. Mercer was pleading no contest to the charges, and further, indicated that the pleas had been discussed in chambers prior to the hearing. The district court explicitly consented to the no contest pleas. There is nothing in the transcript of the sentencing hearing to suggest that the district court was misled by the prosecutor, and there is no indication that the sentencing decision was influenced in any way by the prosecutor's misstatement that Mr. Mercer had pleaded guilty.

[¶ 13] Moreover, while there are certain differences between pleas of guilty and pleas of no contest, *see, e.g., Peitsmeyer,* ¶¶ 6–7, 21 P.3d at 734, the two are functional equivalents for purposes of sentencing. *See Van Haele v. State,* 2004 WY 59, ¶ 24 n. 4, 90 P.3d 708, 715 n. 4 (Wyo.2004); *Wilson v. State,* 2003 WY 59, ¶ 8, 68 P.3d 1181, 1184 (Wyo.2003). When the district court sentenced Mr. Mercer, it was irrelevant whether he had pleaded no contest or guilty. Accord-

ingly, the prosecutor's misstatement was of no consequence, and could not have harmed Mr. Mercer.

■ [¶ 14]   Similarly, no harm was done by the prosecutor's misstatement that Mr. Mercer had expounded on the factual basis. Again, the judge who sentenced Mr. Mercer had presided over the change of plea hearing, and knew what Mr. Mercer had said. The transcript contains no indication that the district court was influenced in any way by the prosecutor's remarks.   Mr. Mercer has not demonstrated that the prosecutor's misstatements were prejudicial.

■ [¶ 15]   Mr. Mercer also asserts that the State breached the plea agreement when the prosecutor argued for a harsh sentence based on Mr. Mercer's alleged failure to accept personal responsibility.   Again, we conclude that the error complained of is clearly preserved in the record.   The prosecutor urged the district court to impose "the maximum possible sentence" on each of the three counts. This request was based, at least in part, on his argument that Mr. Mercer was "trying to minimize his behavior and beg leniency from the Court."

[¶ 16]   We further conclude, however, that the prosecutor's argument did not violate any clear and unequivocal rule of law.   In the plea agreement, Mr. Mercer and the State did not reach any agreement regarding sentencing.   Both parties were free to make separate recommendations, and that is what happened.   Defense counsel urged a lesser sentence, and the prosecutor sought the maximum sentence, but that did not breach any provision of the plea agreement.

[¶ 17]   Mr. Mercer contends that the prosecutor's sentencing recommendation was based on improper grounds.   Mr. Mercer did not plead guilty to the charges, but no contest, and he asserts that, "logically, the criminal defendant cannot be expected to take responsibility in all cases where he chooses to plead no contest or nolo contendere."   The prosecutor incorrectly stated that Mr. Mercer had pleaded guilty to the charges, and according to Mr. Mercer, the prosecutor then used that misstatement as grounds to assert

that Mr. Mercer was trying to evade personal responsibility for his crimes.

[¶ 18]   The record does not support Mr. Mercer's contention.   While the prosecutor did claim that Mr. Mercer was not accepting responsibility, the claim was not based on Mr. Mercer's no contest pleas.   It was based, instead, on the statement Mr. Mercer made at sentencing.   The district court told Mr. Mercer that he had a right to make a statement, and asked if there was anything he would like to say.   Mr. Mercer indicated that the minor victim of his sexual assault had brought

> many victims … through this courthouse, Your Honor, and I'm not the only individual she has made these kind of allegations against. . . . To say [the victim] lied seems to me that I could probably use more tact somehow.   I'm not sure how. . . . I'm not saying I'm perfect, Your Honor.   I'm saying that the accusation [the victim] made is not true.

At this point, the district court asked, "You didn't do anything?"   Mr. Mercer replied, "I prevented [the victim] from doing what she wished to do."   The district court followed with, "Was that the case as well when you did three-to-five with indecent liberties with a child some years back?   You didn't do anything [then], either?"   The transcript reflects no verbal response.

[¶ 19]   This statement by Mr. Mercer was the basis for the prosecutor's argument for the maximum sentence, as reflected in the prosecutor's explanation that Mr. Mercer

> comes up *now* and he tries to minimize his acts.   He tries to say that all he did was try to stop a 15–year–old girl from doing what she wanted to do, and essentially, he is not to blame. . . . We come back a few months later, or about six weeks later, and he's *here* trying to minimize his behavior and beg leniency from the Court.

(Emphasis added.)   The prosecutor based his argument upon what Mr. Mercer had said "here" and "now" at the sentencing hearing. There is no suggestion in the record that the prosecutor's argument was based on Mr. Mercer's no contest pleas.

[¶ 20]   The district court also referred to Mr. Mercer's statement when it explained the sentences it was about to pronounce:

> What we have here are three very serious counts of sexual abuse of a minor; two in the first degree, one in the second.   And regardless of what the victim here did or didn't do, you're the adult.   This is your responsibility, whether you choose to recognize that or not. . . . This is the kind of thing that deserves prison time and a lot of it.

The district court's conclusion that Mr. Mercer did not recognize his responsibility was based on his efforts to shift blame to the victim during his statement at the sentencing hearing.   Mr. Mercer has failed to establish that the State breached the plea agreement.

[¶ 21]   Affirmed.