# THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 80

**APRIL TERM, A.D. 2024**

**July 24, 2024**

DUSTIN M. SANCHEZ,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-23-0222

*Appeal from the District Court of Park County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*

*Office of State Public Defender: Diane Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.*

*Representing Appellee:*

*Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.*

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    A jury convicted Dustin M. Sanchez of one count of second-degree sexual abuse of a minor. He appeals, claiming the evidence was insufficient to sustain his conviction, and the prosecutor committed misconduct when he misstated the law in his closing and rebuttal arguments. We affirm.

## ISSUES

[¶2]    Mr. Sanchez raises two issues, which we rephrase as follows:

> I.    Did the State present sufficient evidence for the jury to find Mr. Sanchez guilty of sexual abuse of a minor in the second degree?
>
> II.   Did the district court commit plain error by permitting prosecutorial misconduct during closing and rebuttal arguments?

## FACTS

[¶3]    In early fall 2021, JM disclosed to the counselor at Cody High School that her biological father, Mr. Sanchez, had touched her inappropriately. The counselor reported JM's disclosure to law enforcement, who then interviewed JM. JM told the investigating officer an incident occurred during one of her visits with Mr. Sanchez in June 2021. While they were watching a movie together, Mr. Sanchez put his arm around JM's shoulder, reached across her chest, and placed his hand on her left breast, underneath her shirt and bra. Although she tried to move away, Mr. Sanchez kept her drawn close to him. The incident ended when JM excused herself to go to the bathroom and texted her grandmother to come pick her up.

[¶4]    The State charged Mr. Sanchez with one count of sexual abuse of a minor in the second degree in violation of Wyoming Statute § 6-2-315(a)(iv) (LexisNexis 2021). Following a three-day jury trial, Mr. Sanchez was convicted of this charge. The district court sentenced him to eight-to-ten years in prison. This appeal timely followed.

## DISCUSSION

### I.  *Sufficiency of the Evidence*

[¶5]    Our standard of review for sufficiency of the evidence claims is well established:

> we do not reweigh the evidence or reexamine the credibility of

witnesses, but examine the evidence in the light most favorable to the State. We examine and accept as true the evidence of the prosecution together with all logical and reasonable inferences to be drawn therefrom, leaving out entirely the evidence of the defendant in conflict therewith. In other words, we simply determine whether any rational trier of fact could have found that the essential elements of a charged crime were proven beyond a reasonable doubt on the evidence presented.

*Gonsalves v. State*, 2024 WY 49, ¶ 8, 547 P.3d 340, 342 (Wyo. 2024) (quoting *Morris v. State*, 2023 WY 4, ¶ 26, 523 P.3d 293, 298 (Wyo. 2023)). Mr. Sanchez's argument also requires us to interpret statutory language, which we do de novo. *Butler v. State*, 2015 WY 119, ¶ 6, 358 P.3d 1259, 1262 (Wyo. 2015) (citing *Qwest Corp. v. Pub. Serv. Comm'n of Wyo.*, 2007 WY 97, ¶ 3, 161 P.3d 495, 497 (Wyo. 2007)).

[¶6]    Mr. Sanchez was convicted under Wyoming Statute § 6-2-315(a)(iv), which states in relevant part:

> (a) Except under circumstance[s] constituting sexual abuse of a minor in the first degree as defined by W.S. 6-2-314, an actor commits the crime of sexual abuse of a minor in the second degree if:
>
> (iv) Being eighteen (18) years of age or older, the actor engages in sexual contact with a victim who is less than sixteen (16) years of age and the actor occupies a position of authority in relation to the victim.

For the purposes of this appeal, Mr. Sanchez challenges the "position of authority" element. "Position of authority" is statutorily defined as: "that position occupied by a parent, guardian, relative, household member, teacher, employer, custodian, health care provider or any other person who, by reason of his position, is able to exercise significant influence over a person[.]" Wyo. Stat. Ann. § 6-2-301(a)(iv) (LexisNexis 2021). Although not defined in this statutory scheme, the dictionary definition of "parent" is:

> The lawful father or mother of someone. • In ordinary usage, the term denotes more than responsibility for conception and birth. The term commonly includes (1) either the natural father or the natural mother of a child, (2) either the adoptive father or the adoptive mother of a child, (3) a child's putative blood parent who has expressly acknowledged paternity, and (4) an individual or agency whose status as guardian has been established by judicial decree. In law, parental status based on

any criterion may be terminated by judicial decree.  In other words, a person ceases to be a legal parent if that person's status as a parent has been terminated in a legal proceeding.

*Black's Law Dictionary* (11th ed. 2019).  The uncontested evidence at trial established Mr. Sanchez is JM's biological father.  Because Mr. Sanchez is JM's biological father, he qualifies as a "parent," and therefore occupies a position of authority in relation to JM under the statute. Wyo. Stat. Ann. § 6-2-315(a)(iv).

[¶7]   Mr. Sanchez contends that despite establishing he is JM's father, the State had the additional burden of proving he was able to "exercise significant influence over" JM to show he occupied a position of authority.  He asserts the State could not do so.  Despite being her biological father, he had no involvement in JM's life until she was nine years old, he was not her primary caregiver, he played no role in making medical decisions for her, and he had no authority to impose discipline.  He asserts the evidence showed he had no influence over JM despite being her biological parent.  Mr. Sanchez's argument is misplaced.

[¶8]   When interpreting the phrase "position of authority," we have repeatedly distinguished the statute's enumerated categories from its catchall category. *Butler*, 2015 WY 119, ¶ 10, 358 P.3d at 1262–63 (citing *Rogers v. State*, 2015 WY 48, ¶ 15, 346 P.3d 934, 938 (Wyo. 2015); *Solis v. State*, 2013 WY 152, ¶¶ 27–32, 315 P.3d 622, 629–30 (Wyo. 2013); *Baldes v. State*, 2012 WY 67, ¶ 9, 276 P.3d 386, 388 (Wyo. 2012); *Scadden v. State*, 732 P.2d 1036, 1042 (Wyo. 1987)).  "The enumerated categories encompass parents, guardians, relatives, household members, teachers, employers, and custodians." *Butler*, ¶ 10, 358 P.3d at 1263 (citing Wyo. Stat. Ann. § 6–2–301(a)(iv)).  The catchall category covers "any other person who, by reason of his position, is able to exercise significant influence over a person." *Id.* (citing Wyo. Stat. Ann. § 6–2–301(a)(iv)).  When a defendant falls into one of the enumerated categories, "the State need not prove that he was able to exercise significant influence over the victim." *Id.*  The State only has to prove that additional element if the defendant "qualifies under the catchall category." *Id.*  Those persons who fall within the statute's enumerated categories are in a position of significant influence "based on implicit social norms." *Id.* (citing *Faubion v. State*, 2010 WY 79, ¶ 17, 233 P.3d 926, 930 (Wyo. 2010)).  They "acquire[] that status by virtue of society and its system of laws granting to [them] the right of control over another." *Faubion*, ¶ 17, 233 P.3d at 930 (quoting *Scadden v. State*, 732 P.2d 1036, 1042 (Wyo. 1987)).  Although Mr. Sanchez and JM did not have a traditional father/daughter relationship, absent the fact that Mr. Sanchez was JM's biological father, none of the events for which he was charged and convicted would have occurred. *See id.* (quoting *Scadden*, 732 P.2d at 1043).  Mr. Sanchez was tried and convicted based on his position as JM's "parent," one of the enumerated categories.  The State was not required to demonstrate he was able to exercise significant influence over JM.

[¶9]    The State established Mr. Sanchez occupied a position of authority in relation to JM, which is all that was required under the statute.  A rational jury could have determined the State proved this essential element of the crime beyond a reasonable doubt.  There was sufficient evidence to sustain Mr. Sanchez's conviction.

## II.    *Prosecutorial Misconduct*

[¶10]  During the trial, the defense elicited testimony to establish Mr. Sanchez was unable to exercise significant influence over JM.  This evidence included: JM did not reside with Mr. Sanchez, she had spent little one-on-one time with him, her grandmother had been her guardian and caretaker since 2012, and Mr. Sanchez had little authority over JM.  Based on the defense's introduction of this evidence, the State was concerned the jury might find Mr. Sanchez did not occupy a "position of authority" and decline to convict him of sexual abuse of a minor in the second degree under Wyoming Statute § 6-2-615(a)(iv), even though he met the definition of a parent.  During the jury instruction conference, the State asked the district court to consider instructing the jury on the lesser included offense of sexual abuse of a minor in the third degree under Wyoming Statute § 6-2-316 (LexisNexis 2021).  After researching the issue, the district court concluded it was unnecessary to give a lesser included offense instruction.  Citing to *Butler v. State*, 2015 WY 119, 358 P.3d 1259 (Wyo. 2015), the district court found Mr. Sanchez occupied a position of authority because the uncontroverted evidence established he was JM's "parent or relative." Therefore, he fell into one of the statute's enumerated categories, and it was unnecessary for the State to prove Mr. Sanchez "exercised significant influence" over JM.  The State agreed with the district court's interpretation of the law.  Defense counsel expressed her view that *Butler* was based on "a very outdated version of the realities of society," but conceded *Butler* was the governing law and she would "abide by the [c]ourt's decision."

[¶11]  The State made the following statement during its closing argument:

> The position of authority, there's a definition in the jury instructions that he's a parent or a relative. And there is no contention he was in a position of authority.

The defense did not object to this statement.  Yet, in her closing statement, defense counsel suggested the position of authority element was contested:

> You will also have to decide if [Mr. Sanchez] was in a position of authority.  I am not going to belabor that point.  The law is it [sic] in your packet.  The law is pretty clear on what a position of authority is, but you will have to decide if the State has met their burden of proving beyond a reasonable doubt that [Mr. Sanchez] was in a position of authority.

4

In response to this statement, in its rebuttal argument the State said:

> You don't have to decide whether he was in a position of authority, because the - - it's been decided by the fact that he is a parent and a relative. So check that box.

The defense did not object to this statement. Mr. Sanchez now claims the State committed prosecutorial misconduct by misstating the law in these statements made during its closing and rebuttal arguments.

[¶12] Prosecutorial misconduct is "a prosecutor's improper or illegal act (or failure to act), especially involving an attempt to persuade the jury to wrongly convict a defendant or assess an unjustified punishment." *Soares v. State*, 2024 WY 39, ¶ 30, 545 P.3d 871, 878–79 (Wyo. 2024) (quoting *Freer v. State*, 2023 WY 80, ¶ 24, 533 P.3d 897, 904[–05] (Wyo. 2023)). Prosecutorial misconduct "claims are intended 'to address gross prosecutorial improprieties that have deprived a criminal defendant of his or her right to a fair trial.'" *Id.* (quoting *Freer*, ¶ 25, 533 P.3d at [905]). Mr. Sanchez did not raise a prosecutorial misconduct objection below, so we review for plain error. *Id.* at ¶ 29, 545 P.3d at 878 (quoting *Freer*, ¶ 24, 533 P.3d at 904). To establish plain error, "an appellant must prove: '1) the record clearly reflects the incident urged as error; 2) a violation of a clear and unequivocal rule of law; and 3) that he was materially prejudiced' by the alleged error." *Id.* at ¶ 18, 545 P.3d at 877 (quoting *Gutierrez v. State*, 2020 WY 150, ¶ 5, 477 P.3d 528, 530–31 (Wyo. 2020)). Failure to establish any of the three elements precludes a finding of plain error. *Id.* (quoting *Lott v. State*, 2022 WY 143, ¶ 10, 519 P.3d 646, 649 (Wyo. 2022)).

[¶13] The first step of the plain error test is met here because the alleged error appears in the record. *Id.* at ¶ 19, 545 P.3d at 877 (citing *Gutierrez*, ¶ 8, 477 P.3d at 531). The second step of the plain error analysis requires us to determine whether the prosecutor's statements violated a clear and unequivocal rule of law in a clear and obvious, not merely arguable, way. *Mendoza v. State*, 2021 WY 127, ¶ 13, 498 P.3d 82, 85 (Wyo. 2021) (quoting *Ridinger v. State*, 2021 WY 4, ¶ [34], 478 P.3d 1160, 1168 (Wyo. 2021)). Our law is clear that prosecutors may not misstate the law. *Mendoza*, ¶ 13, 498 P.3d at 85 (citing *Hill v. State*, 2016 WY 27, ¶ 61, 371 P.3d 553, 569 (Wyo. 2016)) ("Even unintentional misstatements of the law are misconduct by a prosecutor.")

[¶14] The prosecutor in this case did not misstate the law. As discussed above, the State presented uncontroverted evidence showing Mr. Sanchez was JM's parent, and as such, he fell into one of the statute's enumerated categories of persons in a position of authority. Wyo. Stat. Ann. § 6-2-315(a)(iv). Nothing else was required to prove this statutory element. *Butler*, 2015 WY 119, ¶¶ 10–11, 358 P.3d at 1263. The prosecutor accurately recited the law that applied to the position of authority element, and he did not commit misconduct by telling the jurors they could "check that box." Because Mr. Sanchez failed to establish the prosecutor violated a clear and unequivocal rule of law, he also failed to

establish the district court committed plain error.

## CONCLUSION

[¶15]   The State presented sufficient evidence to convict Mr. Sanchez of sexual abuse of a minor in the second degree in violation of Wyoming Statute § 6-2-315(a)(iv).   The prosecutor correctly recited the law and did not commit misconduct during his closing and rebuttal arguments.   Affirmed.