# THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 131

### OCTOBER TERM, A.D. 2024

### December 12, 2024

JAIMEN ANTHONY SCOTT AISENBREY,

**Appellant**
**(Defendant),**

**v.**

S-24-0030

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Platte County*
*The Honorable Edward A. Buchanan, Judge*

*Representing Appellant:*

*Office of the State Public Defender: Brandon Booth, State Public Defender\*; Kirk A. Morgan, Chief Appellate Counsel; Jeremy Meerkreebs, Assistant Appellate Counsel.  Argument by Mr. Meerkreebs.*

*Representing Appellee:*

*Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General.  Argument by Mr. Woykovsky.*

*\*An Order Substituting Brandon Booth for Ryan Roden was entered on October 10, 2024.*

*Before FOX, C.J., and BOOMGAARDEN, FENN, JAROSH, JJ, and ROBINSON, DJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**ROBINSON, District Judge.**

[¶1]   Jaimen Anthony Scott Aisenbrey pled guilty to two counts of possession of a controlled substance with intent to deliver pursuant to a plea agreement.  As part of the plea agreement, the State agreed that it would not argue against probation if that was what the presentence investigation (PSI) writer recommended.  The PSI recommended a split sentence.  At sentencing, the State asked the district court to impose a term of incarceration.  The district court imposed concurrent sentences of not less than eight nor more than ten years in prison.  Mr. Aisenbrey appeals, arguing the State breached the plea agreement by recommending incarceration at sentencing.  He also claims he was denied effective assistance counsel when his attorney failed to object to the State's sentencing recommendation.  We affirm.

## ISSUES

    I.    Did the State breach its plea agreement when it argued for incarceration at sentencing?

    II.    Was Mr. Aisenbrey's counsel ineffective when she did not object to the State's breach of the plea agreement?

## FACTS

[¶2]   Wyoming Highway Patrol Trooper Danny D. Robinett, Jr., was dispatched to a REDDI (Report Every Drunk Driver Immediately) report on May 8, 2023.  Trooper Robinett observed a white Ford Expedition that bore similarities to the vehicle described in the REDDI report.  He watched the driver of the Ford Expedition stop in the eastbound lane of traffic and exit the vehicle.  Trooper Robinett approached the driver, who was later identified as Jaimen Aisenbrey, and asked for his license, registration, and proof of insurance.  After discovering Mr. Aisenbrey's driver's license was suspended, and the vehicle identification number (VIN) for the Ford Expedition did not match the VIN for the license plates that were displayed on the vehicle, Trooper Robinett placed Mr. Aisenbrey into an investigative detention and searched the vehicle.

[¶3]   During his search of the vehicle, Trooper Robinett located suspected fentanyl, methamphetamine, and marijuana, which were packaged in a manner consistent with controlled substance distribution.  Trooper Robinett arrested Mr. Aisenbrey.  At the time he entered the detention center, officers discovered Mr. Aisenbrey had additional suspected methamphetamine on his person.  The State charged Mr. Aisenbrey with five felonies related to controlled substances and four misdemeanors related to controlled substances and traffic offenses.

[¶4]    The parties negotiated a plea agreement that was orally placed on the record at a change of plea hearing.  In exchange for Mr. Aisenbrey pleading guilty to two felony counts of possession with intent to deliver fentanyl and methamphetamine, the State would request the dismissal of the other seven counts.  The State agreed to recommend concurrent sentences of not less than eight years nor more than ten years in prison, and Mr. Aisenbrey was free to argue for whatever sentence he wished.

[¶5]    During the hearing, the prosecutor placed an additional term of the plea agreement on the record: "the State wouldn't argue against probation if that is what the PSI writer Probation and Parole recommended.  We wouldn't argue against that probation if that's what the PSI recommended."  The district court restated the plea agreement as: "the State would cap its argument for incarceration of a sentence not less than eight, nor more than ten years on both Counts 1 and 3, but they would agree that those would run concurrent, and they wouldn't argue against probation if the presentence investigation report recommended that."  Mr. Aisenbrey and his attorney confirmed this was a correct recitation of the agreement, and Mr. Aisenbrey entered guilty pleas to Counts I and III.

[¶6]    The district court advised Mr. Aisenbrey it was not bound by the terms of the plea agreement, and the proposal related to sentencing was "simply a recommendation that [it was] not required to follow."

[¶7]    Probation and Parole completed and filed a presentence investigation report.  The PSI writer's recommendations included:

> This writer has considered all of the sentencing options for the Defendant to include a term of incarceration, community supervision, and placement in an adult community corrections facility.  Due to the Defendant having a severe addiction to fentanyl, methamphetamine, and marijuana, his high risk of recidivating, and this being his third felony, this Agent would respectfully recommend that he be given a split-sentence so that he can apply and be accepted into residential treatment in Wyoming.  Specifically, that he apply at the VOA's [sic] or Southwest Counseling.  One [sic] he completes residential treatment, he be placed on community supervision with the following recommendations. . . .

[¶8]    Mr. Aisenbrey's sentencing hearing was held January 2, 2024.  His attorney presented two of Mr. Aisenbrey's family members, who made statements. Mr. Aisenbrey's attorney asked the court to impose a sentence consistent with the recommendations given in the PSI.  Mr. Aisenbrey gave an allocution to the court.

[¶9]    When it came time for the State to make its sentencing recommendation, the prosecutor stated:

> Your Honor, I told defense counsel before we came in that I didn't think the recommendation from Probation and Parole was a probation recommendation. Obviously it's a split sentence. And, to me, that's prison.
>
> I disagree with the probation agent, and I don't do that very often. And I disagree with [Mr. Aisenbrey's] grandfather and his brother and him. The defendant had just recently been out of prison.
>
> . . .
>
> . . . I would ask that the [c]ourt impose the underlying -- the recommended sentence of eight to ten years on both counts. Those sentences run concurrently. Obviously, he's an addicted offender. However, he can get treatment at -- at the state prison in the ITU, and I would ask for that recommendation, your Honor.

[¶10]  Mr. Aisenbrey's attorney did not object to the State's sentencing recommendation as a violation of the plea agreement. While discussing Mr. Aisenbrey's sentence, the district court stated:

> . . . [T]he truth is, in this particular case, there's more than the addiction . . . there's basically the intent to deliver with the amounts that you possessed in this case. And there is perhaps . . . what you might use and you might abuse versus engaging others in -- in the exchange of drugs and money and getting others involved and those types of things.
>
> So it's very serious. That's -- that's a very aggravating circumstance in a case like this.
>
> And I don't know as I sit here that, you know, in 90 or 120-day program, given your history and the stuff that we're talking about . . . we're not talking about marijuana. I mean, that was involved in here. But we're not really talking about that. We're talking about fentanyl. We're talking about methamphetamine. Things that are absolutely killing people.

> So those are the things that the Court considers. And all of those things in trying to fashion a sentence that both punishes you, but also gives you the opportunity, given your age, to rehabilitate and to go forward in a positive way in your life. You're already a convicted felon.

Consistent with the State's recommendation, the district court imposed concurrent sentences of not less than eight years nor more than ten years of incarceration. This timely appeal followed.

## STANDARD OF REVIEW

[¶11]   When a defendant raises an objection to the State's breach of a plea agreement with the district court, we apply a de novo standard of review. *Grater v. State*, 2020 WY 102, ¶ 7, 468 P.3d 1116, 1118 (Wyo. 2020) (citing *Springstead v. State*, 2020 WY 47, ¶ 7, 460 P.3d 1117, 1120 (Wyo. 2020)). Because no objection was made to the district court in this case, we review the issue of the State's alleged breach for plain error. *Id.* (citing *Springstead*, ¶ 7, 460 P.3d at 1120; W.R.Cr.P. 52(b); W.R.A.P. 9.05). Mr. Aisenbrey bears the burden of proving plain error. *Id.* (citing *Mercer v. State*, 2012 WY 54, ¶ 8, 273 P.3d 1100, 1102 (Wyo. 2012)). To establish plain error, Mr. Aisenbrey must show: 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him." *Springstead*, ¶ 7, 460 P.3d at 1120 (quoting *Mercer*, ¶ 8, 273 P.3d at 1102). To establish "material prejudice," Mr. Aisenbrey must demonstrate the error affected his sentence, and "'there is a reasonable probability' his sentence would have been more favorable had the error not occurred." *Grater*, ¶ 7, 468 P.3d at 1118 (quoting *Larkins v. State*, 2018 WY 122, ¶ 94, 429 P.3d 28, 50 (Wyo. 2018)). Failure to establish any of the three elements precludes a finding of plain error. *Sanchez v. State*, 2024 WY 80, ¶ 12, 552 P.3d 399, 404 (Wyo. 2024) (quoting *Soares v. State*, 2024 WY 39, ¶ 18 , 545 P.3d 871, 877 (Wyo. 2024)).

## DISCUSSION

[¶12]   Mr. Aisenbrey has satisfied the first prong of plain error. The record clearly reflects the State promised it would not "argue against probation if that is what the PSI writer Probation and Parole recommended." After the PSI recommended a split sentence, the State argued against probation at sentencing, creating the incident alleged as error.

[¶13]   The second prong of plain error requires us to determine whether the State violated a clear and unequivocal rule of law in a clear and obvious, not merely arguable way. *Sanchez*, 2024 WY 80, ¶ 13, 552 P.3d at 404 (citing *Mendoza v. State*, 2021 WY 127, ¶ 13, 498 P.3d 82, 85 (Wyo. 2021)). Mr. Aisenbrey argues a split sentence is a sentence of probation. If this is true, the State's request for incarceration at sentencing violated the

plea agreement, which would be a transgression of a clear and unequivocal rule of law. *See Grater*, 2020 WY 102, ¶ 9, 468 P.3d at 1118 ("There exists a clear and unequivocal rule of law that the State must strictly adhere to the terms of its valid plea agreement. . . .").

[¶14]   A plea agreement is a contract between the State and a defendant that requires the application of general principles of contract law. *Montano v. State*, 2019 WY 34, ¶ 13, 437 P.3d 838, 842 (Wyo. 2019) (citing *Mendoza v. State*, 2016 WY 31, ¶ 26, 368 P.3d 886, 895 (Wyo. 2016)).  To determine whether the State breached the plea agreement, we

> (1) examine the nature of the promise; and (2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time the plea was entered.  The prosecutor must explicitly stand by the terms of any agreement; and if the State is unable to carry out the terms, the correct remedy is withdrawal of the plea.  The State may not obtain the benefit of the agreement and at the same time avoid its obligations without violating either the principles of fairness or the principles of contract law.

*Id.* (quoting *Mendoza*, ¶ 26, 368 P.3d at 895).

[¶15]   In this case, the nature of the promise is not disputed: The State agreed it would not argue for incarceration if the PSI writer recommended probation.  Mr. Aisenbrey argues a split sentence always leads to probation.  Therefore, the PSI writer's recommendation was one of probation.   Yet, nothing in the record indicates Mr. Aisenbrey reasonably understood or believed that a split sentence equated to a sentence of probation at the time he entered into the plea agreement.

[¶16]   Even if we could infer from the record that Mr. Aisenbrey believed a split sentence was the same as a term of probation, such a belief would have been unreasonable.  A review of the relevant statutes reveals a split sentence pursuant to Wyoming Statute § 7-13-107 (LexisNexis 2023) is not the same as a sentence of probation under Wyoming Statute § 7-13-401(a)(x) (LexisNexis 2023).  Wyoming Statute § 7-13-107 is titled "Split sentence of incarceration . . . followed by probation[,]" and as the name suggests, it involves a term of confinement followed by a period of probation:

> (a) Following a defendant's conviction of, or his plea of guilty to any felony, other than a felony punishable by death or life imprisonment, the court may impose any sentence of imprisonment authorized by law and except as provided in subsection (g) of this section, may in addition provide:

(i) **That the defendant be confined in the county jail for a period of not more than one (1) year;** and

(ii) That the execution of the remainder of the sentence be suspended and the defendant placed on probation.

(Emphasis added).

[¶17]   In contrast, Wyoming Statute § 7-13-401(a)(x) defines probation as "**a sentence not involving confinement** which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if he violates the conditions[.]" (Emphasis added).  Because a split sentence involves confinement in a county jail, and probation is defined as a sentence that does not involve confinement, a split sentence is not the same as a sentence of probation.[1]

[¶18]   The PSI writer did not recommend probation.  Therefore, the State's request for a sentence of incarceration—while not consistent with the PSI writer's recommendation— did not breach the plea agreement.  Mr. Aisenbrey failed to establish the State violated a clear and unequivocal rule of law by breaching the plea agreement.  Thus, he also failed to establish plain error.

[¶19]   Mr. Aisenbrey's ineffective assistance of counsel claim is premised on his argument that defense counsel should have objected to the State's breach of the plea agreement. Prevailing on an ineffective assistance of counsel claim requires a defendant to show his counsel's performance was deficient and the deficiency resulted in prejudice to the defendant. *Mills v. State*, 2023 WY 76, ¶ 17, 533 P.3d 182, 189 (Wyo. 2023) (citing *Griggs v. State*, 2016 WY 16, ¶ 36, 367 P.3d 1108, 1124 (Wyo. 2016)).  "A failure to establish one of the two prongs dooms an ineffective assistance of counsel claim." *Steplock v. State*, 2022 WY 12, ¶ 20, 502 P.3d 930, 937 (Wyo. 2022) (citing *Dettloff v. State*, 2007 WY 29, ¶ 19, 152 P.3d 376, 382 (Wyo. 2007)).  We have found the State did not breach the plea agreement.  Consequently, Mr. Aisenbrey cannot establish the first prong—that his counsel's performance was deficient—and his claim of ineffective assistance of counsel fails.

## CONCLUSION

[¶20]   The State did not breach the plea agreement when it recommended a sentence of incarceration.  A split sentence pursuant to Wyoming Statute § 7-13-107 is not a sentence of probation under Wyoming Statute § 7-13-401(a)(x) because it involves a period of

---

[1] The time a defendant spends in a county jail as part of a split sentence also cannot be considered "a probation condition" for the same reason. *See Kidd v. State*, 937 P.2d 1334, 1336 (Wyo. 1997), *overruled on other grounds by Daugherty v. State*, 2002 WY 52, ¶ 26, 44 P.3d 28, 37 (Wyo. 2002).

6

confinement.  Because the State did not breach the plea agreement, defense counsel could not have been ineffective for failing to object to the State's sentencing recommendation. Affirmed.