# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 86

**APRIL TERM, A.D. 2025**

**July 30, 2025**

TYLER JAMES HILL,

Appellant
(Defendant),

v.

S-24-0252

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Robin S. Cooley, Judge*

*Representing Appellant:*
> Brandon Todd Booth, State Public Defender, Kirk Allan Morgan, Chief Appellate Counsel. Argument by Mr. Morgan.

*Representing Appellee:*
> Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Cally E. Martinez, Senior Assistant Attorney General. Argument by Ms. Martinez.

*Before BOOMGAARDEN, C.J., and FOX\*, GRAY, FENN, and JAROSH, JJ.*

\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Chief Justice.**

[¶1]    Tyler James Hill pled guilty to involuntary manslaughter, and the district court sentenced him to 15 to 20 years imprisonment. On appeal, Mr. Hill argues the district court abused its discretion in denying his motion to continue his sentencing, and that his trial counsel was ineffective in filing a sentencing memorandum the day of the sentencing hearing. We affirm.

## *ISSUES*

[¶2]    Mr. Hill raises two issues, which we rephrase as:

> 1.  Did the district court abuse its discretion when it denied Mr. Hill's motion to continue sentencing?
>
> 2.  Was Mr. Hill's trial counsel ineffective in filing his sentencing memorandum on the day of the sentencing hearing?

## *FACTS*

[¶3]    The facts leading to Mr. Hill's charges in this case are undisputed. As Mr. Hill explained in his sentencing memorandum:

> Tyler Hill's Mother is Rhonda Bryan . . . . Her boyfriend was the deceased, Ashley Bartel. They all lived together.
>
> On August 23, 2023, at approximately 1:00 p.m., Ms. Bryan and Mr. Bartel argued about use of Mr. Bartel's car. He objected to Ms. Bryan's use of it to drive Mr. Hill to the Antelope Truck Stop. Mr. Hill got involved in the argument. He and Mr. Bartel pushed each other a few times, then Mr. Hill produced a small pistol. Ms. Bryan pushed his arm, and the gun went off. It hit Mr. Bartel in the face and he died at the scene.

[¶4]    The State charged Mr. Hill with second-degree murder. Mr. Hill later agreed to plead guilty to an amended charge of involuntary manslaughter, and he and the State agreed that each party would present its own sentencing recommendation. The district court set a sentencing hearing for July 9, 2024 at 2:00 p.m. At approximately 12:30 p.m. on July 9, Mr. Hill's attorney filed a sentencing memorandum. The purpose of the memorandum was to offer evidence that mitigated the circumstances of Mr. Hill's crime.

1

The memorandum emphasized Mr. Bartel's "lengthy criminal history, often involving drugs and violence," while noting Mr. Hill's own lack of criminal history. Mr. Hill's attorney suggested that the incident with Mr. Bartel was a result of the tumultuous environment Mr. Hill experienced in living with Mr. Bartel, including Mr. Bartel's abuse of Ms. Bryan and frequent use of drugs such as methamphetamine, which was in Mr. Bartel's system at the time of his death, according to an autopsy report. His attorney also argued that although Mr. Hill intentionally produced the gun, his shooting of Mr. Bartel was an accident and may have been caused by Ms. Bryan pushing his arm.

[¶5]   At the sentencing hearing, the State presented victim impact statements and made its argument regarding sentencing. When it was Mr. Hill's turn, his attorney apologized for the "last-minute filing" of the sentencing memorandum and explained that "[w]e just had things that we needed to put together at the last minute." His attorney also explained that the delay was caused in part by the short turnaround after he received the notice of the sentencing hearing, as well as the July 4 holiday. He explained to the court that the sentencing memorandum contained "significant mitigation, and offers some answer and explanation regarding the defendant's behavior." When the district court stated that it had not read the memorandum, defense counsel made an oral motion to continue sentencing. The district court denied the motion, but invited counsel to present the memorandum's contents and whatever other argument he desired.

[¶6]   Mr. Hill's counsel argued the circumstances in the case mitigated Mr. Hill's culpability, including Mr. Hill's minimal criminal history, his acceptance of responsibility by pleading guilty, the tumultuous household environment in which Mr. Hill, Ms. Bryan, and Mr. Bartel lived, and Mr. Hill's explanation, confirmed by Ms. Bryan, that he did not fire the gun intentionally. Mr. Hill's counsel argued that these mitigating circumstances, coupled with his significant presentence confinement, supported a prison sentence "on the lower end," if any. The district court found that Mr. Hill was not "a proper candidate for probation" and sentenced him to 15 to 20 years imprisonment.

## *DISCUSSION*

### I.   *The district court did not abuse its discretion in denying Mr. Hill's motion to continue the sentencing hearing.*

[¶7]   We review a district court's denial of a motion to continue for an abuse of discretion. *Lessner v. State*, 2024 WY 60, ¶ 13, 549 P.3d 763, 767 (Wyo. 2024) (citing *Vargas v. State*, 2014 WY 53, ¶ 14, 322 P.3d 1282, 1285 (Wyo. 2014)). "We will not disturb that ruling unless the party challenging it can show a clear abuse of discretion resulting in manifest injustice." *Lessner*, 2024 WY 60, ¶ 13, 549 P.3d at 767 (citing *Vargas*, 2014 WY 53, ¶ 14, 322 P.3d at 1285). Our review is highly dependent upon the circumstances of the individual case, and our primary consideration is whether the district

court's decision was reasonable. *Steplock v. State*, 2022 WY 12, ¶ 14, 502 P.3d 930, 935 (Wyo. 2022).

[¶8]    Mr. Hill argues that the district court should have continued the sentencing hearing because the wide range of sentencing options for involuntary manslaughter meant that the aggravating and mitigating circumstances surrounding Mr. Hill's killing of Mr. Bartel would be of vital importance to the district court's sentencing decision. Mr. Hill asserts that "a lengthy continuance was not necessary" because the sentencing memorandum and its attachments were short in length.

[¶9]    Rather than continue a hearing that was already well underway, and recognizing the difficulties rescheduling would present for everyone involved,[1] the district court invited defense counsel to present the contents of the sentencing memorandum at the hearing. And defense counsel did exactly that. The sentencing memorandum included three instances of Mr. Bartel's criminal history in which he was charged with domestic battery, possession of a controlled substance, or some combination thereof. It also emphasized Mr. Hill's minimal criminal history, the evidence that Mr. Hill did not intentionally pull the trigger, and his acceptance of responsibility for the shooting of Mr. Bartel. Finally, it presented Mr. Bartel's autopsy report, which showed that he was under the influence of methamphetamine at the time of his death. Defense counsel presented each of these facts to the district court after learning that the court had not read the sentencing memorandum. In discussing the facts that it weighed in its sentencing decision, the district court acknowledged the mitigating evidence, particularly the abusive environment in which Mr. Hill lived with Ms. Bryan and Mr. Bartel.

[¶10] The district court's decision to move forward with a hearing that had already begun and required significant effort to schedule was reasonable, especially when coupled with its alternative offer for Mr. Hill's attorney to present the sentencing memorandum's contents orally. *Steplock*, 2022 WY 12, ¶ 14, 502 P.3d at 935 (primary consideration in reviewing the denial of a continuance is the reasonableness of the decision). This reasonableness is bolstered by the fact that defense counsel in fact presented each subject matter contained in the sentencing memorandum at the sentencing hearing. Therefore, Mr. Hill has failed to show that the district court's denial of his motion to continue was an abuse of discretion resulting in manifest injustice. *Lessner*, 2024 WY 60, ¶ 13, 549 P.3d at 767.

---

[1] When objecting to Mr. Hill's motion to continue, the State explained that it had spent significant effort coordinating with Mr. Bartel's family to schedule a time for the sentencing. The State had previously made its own motion to continue the sentencing or alternatively to allow the family to attend the hearing via video. In denying Mr. Hill's motion, the district court acknowledged that "[i]t does take quite a bit to get this arranged, so we'll move forward."

## II. Mr. Hill did not receive ineffective assistance of counsel.

[¶11] Mr. Hill also argues that his counsel was ineffective in filing the sentencing memorandum on the day of the sentencing hearing. "Prevailing on an ineffective assistance of counsel claim requires a defendant to show his counsel's performance was deficient and the deficiency resulted in prejudice to the defendant." *Aisenbrey v. State*, 2024 WY 131, ¶ 19, 560 P.3d 283, 287 (Wyo. 2024) (citing *Mills v. State*, 2023 WY 76, ¶ 17, 533 P.3d 182, 89 (Wyo. 2023)). Whether counsel's performance was deficient and whether the defendant was prejudiced by that performance are questions of law we review de novo. *Keller v. State*, 2024 WY 71, ¶ 17, 551 P.3d 450, 456-57 (Wyo. 2024).[2]

[¶12] Failure to establish either deficiency or prejudice will cause an ineffective assistance of counsel claim to fail. *Aisenbrey*, 2024 WY 131, ¶ 19, 560 P.3d at 287. "We may, and often do, dispose of an ineffective assistance claim solely on the prejudice prong." *Bolen v. State*, 2024 WY 48, ¶ 33, 547 P.3d 961, 968 (Wyo. 2024) (citing *Steplock*, 2022 WY 12, ¶ 20, 502 P.3d at 937; *Tarpey v. State*, 2023 WY 14, ¶ 55, 523 P.3d 916, 932 (Wyo. 2023); *Buckingham v. State*, 2022 WY 99, ¶ 27, 515 P.3d 615, 619 (Wyo. 2022)). "Prejudice occurs when there is a reasonable probability that, absent counsel's deficient assistance, the outcome of appellant's [sentencing] would have been different." *Steplock*, 2022 WY 12, ¶ 20, 502 P.3d at 937 (citation modified). Here, Mr. Hill cannot show that he was prejudiced by his counsel's performance.

[¶13] As discussed above, while Mr. Hill's attorney did not file the sentencing memorandum until the day of the sentencing hearing, he presented the memorandum's contents in their entirety at the hearing. In addition to the contents of the memorandum, he presented testimony from three "character witnesses." Mr. Hill also spoke on his own behalf and took responsibility for his actions, acknowledged his recklessness, and apologized to the victims. The court expressly acknowledged much of the evidence Mr. Hill presented when issuing its sentence. Mr. Hill's attorney presented all of the information he believed weighed in favor of a lesser sentence, and the district court considered that information. Mr. Hill does not explain how providing the same information in written form at an earlier time would create a reasonable probability that his sentence would have been more favorable. Therefore, he was not prejudiced by his

---

[2] We have frequently noted that ineffective assistance of counsel claims involve mixed questions of law and fact. *E.g.*, *Keller*, 2024 WY 71, ¶ 17, 551 P.3d at 456. Under our standard of review, "[w]e accept the district court's findings of fact unless they are clearly erroneous but review the district court's conclusions of law de novo." *Id.*, ¶ 17, 551 P.3d at 456-57. Here, however, because Mr. Hill did not make a motion under W.R.A.P. 21, the district court made no factual findings regarding his ineffective assistance of counsel claim, and there are no findings for us to review. *See Pickering v. State*, 2020 WY 66, ¶ 54, 464 P.3d 236, 255 (Wyo. 2020) ("A Rule 21 motion is not mandatory and an evidentiary hearing before the district court is not required for an appellant to raise ineffective assistance claims on appeal to this Court.").

counsel's performance, *Steplock*, 2022 WY 12, ¶ 20, 502 P.3d at 937, and we need not consider whether that performance was deficient. *Aisenbrey*, 2024 WY 131, ¶ 19, 560 P.3d at 287; *Bolen*, 2024 WY 48, ¶ 33, 547 P.3d at 968.

[¶14]   Affirmed.